## FUNK v. HENDRICKS.

No. 214.    Opinion Filed October 20, 1909

(105 Pac. 352.)

1.  APPEAL AND ERROR—Harmless Error—Admission and Rejection of Evidence. The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal.

2.  TROVER AND CONVERSION—Measure of Damages—Election —Time for. Under section 2752, Wilson's Rev. & Ann. St. 1903, which provides, in part, "The detriment caused by the wrongful conversion of personal poperty is presumed to be:  First: The value of the property at the time of the conversion with the interest from that time; or, Second. Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party. * * *" in an action for damages for the conversion of personal property, the injured party must elect which measure of damages he will claim, but, unless by his pleadings or otherwise he has made such election, he may at the time the cause is submitted to the jury elect the measure of damages he deems most advantageous to him.

Funk v. Hendricks.

3.  TROVER AND CONVERSION—Measure of Damages—Election—Allegation Constituting. An allegation of a petition in an action for damages for the conversion of personal property to the effect that at the time said personal property was taken it was of a certain specific value does not constitute an election on the part of the injured party to claim as the detriment caused by the conversion the value of the property at the time of the conversion, with interest from that date.

4.  TROVER AND CONVERSION—Measure of Damages—Election—Acts Constituting. Where there is nothing in the record showing that the injured party made a formal election, an instruction by the court below on the measure of damages based upon the second sub-division of section 2752, supra, Wilson's Rev. & Ann. St. 1903, which instruction was accepted by the plaintiff without objection, constituted a sufficient and timely election.

5.  TROVER AND CONVERSION—Measure of Damages—Diligence. Whether an action for conversion has been prosecuted with reasonable diligence within the purview of the second subdivision of section 2752, Wilson's Rev. & Ann. St. 1903, supra, is a question of law for the court.

(Syllabus by the Court.)

*Error from District Court, Woods County; Jno. L. Pancoast, Judge.*

Action by Samuel Hendricks against Alvin P. Funk. Judgment for plaintiff, and defendant brings error. Modified, and, as modified, affirmed.

*Snoddy & Son,* for plaintiff in error.—Citing: *Lothrop v. Golden* (Cal.) 57 Pac. 394: *Eisenhart v. Ordean* (Cal.) 32 Pac. 495; *Page v. Yool* (Colo.) 65 Pac. 636.

*Cowgill & Dunn,* for defendant in error.—Citing: *Thompson v. Schaetzel* (Dak.) 42 Pac. 765; *Fromna v. Mining Co.,* 61 Cal. 629.

KANE, C. J.   This was an action for damages, brought by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the conversion of certain personal property. The petition contained the ordinary allegations necessary to state a cause of action, and further alleged, in substance, that the defendant in depriving the plaintiff of the possession of the property, and taking the same into his own possession and converting the

same to his own use, acted unlawfully, oppressively and malicious-
ly, and that, by reason of said malicious and oppressive
treatment, the plaintiff was entitled to recover from de-
fendant exemplary damages in the sum of $3,000. The
prayer of the petition is as follows: "Wherefore plaintiff
prays judgment against the defendant for the sum of
$4,137.25; for costs and all other proper relief." The answer
was a general denial. Upon the issues thus joined the cause was
tried to a jury, which returned a verdict in favor of the plaintiff
in the sum of $619.16 as compensatory and the sum of $100 as
exemplary damages, upon which verdict judgment was duly en-
tered. To reverse this judgment the defendant commenced this
proceeding in error in this court.

The errors assigned by counsel for plaintiff in error and
argued in their brief are (1) error of the court in excluding com-
petent evidence offered by the defendant; (2) error of the court
in giving certain instructions to the jury; and (3) that the evi-
dence in the case did not authorize the court to instruct the jury
on exemplary damages. We have carefully examined the evidence
adduced at the trial, particularly the questions to which the court
sustained objections, and are of the opinion that the case was fully
and fairly presented to the jury as far as the evidence is concerned,
and that there was no prejudicial error committed by the court be-
low in excluding or admitting evidence over the objections of the
losing party. There may have been an occasional objection sus-
tained that ought to have been overruled, but an examination of the
record shows that objections to practically the same questions when
asked in another form were overruled, and that on the whole no
material evidence was excluded. "The improper admission or re-
jection of evidence, if not prejudicial to the party complaining, is
not ground for reversal." *Mullen v. Thaxton ante,* p. 643, 104 Pac.
359.

The first instruction counsel finds faults with is to the effect
that the plaintiff was entitled to the highest price that the wheat
was at the point of taking at any time between the time it was
taken and the verdict, without interest. His contention is that,

under our statute providing the measure of damages in cases of conversion, he, to better enable him to prepare for trial, was entitled to an election on the part of the plaintiff, and that this election was made in the petition by alleging the value of the property at the time of its conversion. Section 2752, Wilson's Rev. & Ann. St. 1903, provides that:

"The detriment caused by the wrongful conversion of personal property is presumed to be: First: The value of the property at the time of the conversion with the interest from that time; or Second: Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party. * * *"

Whilst we are of the opinion that under this provision the injured party must elect which measure of damages he will claim and cannot claim damages according to both standards in the same case, we are of the opinion that the plaintiff did not make such an election. The allegation of the petition which counsel for defendant contends constituted an election was to the effect that on the ——— day of August, 1906, the plaintiff was the owner and in the possession of certain personal property of a certain value, and that on said day the defendant wrongfully and unlawfully took possession thereof and deprived the plaintiff of his possession therein, and converted and disposed of said goods to his own use and benefits. The prayer, hereinbefore set out, was a general prayer for the judgment against the defendant for the sum of $4.137.25 and costs, and all other proper relief. These are the ordinary allegations to charge conversion of personal property, and left the question of which statutory measure of damages the plaintiff would elect open. The statute to our minds fully contemplates that this election may be made at any time before the case is finally given to the jury. Under the statute, the market value prevailing on the day the case goes to trial may be the highest market value of the property at any time between the conversion and the verdict, and, unless the plaintiff by his pleadings or otherwise has made an election, he ought not to be precluded from electing the measure of damages most advantageous to him at the time the cause is submitted to the jury,

provided he has prosecuted his action with reasonable diligence; and whether he has done so or not is a question of law for the court. While there is nothing in the record to indicate that the plaintiff made a formal election, to our mind the instruction of the court, being in harmony with the pleadings and predicated upon ample evidence, was sufficient to constitute such election. The instruction seems to have been given by the court upon its own motion, and, as it was accepted, by the plaintiff without objection, it constituted a sufficient election as to which measure of damages be claimed.

The instruction to the jury on the question of exemplary damages was misleading and erroneous. The dispute over the personal property arose out of a misunderstanding between the plaintiff and defendant as to the terms of a lease of certain real estate. The jury was instructed that, if they found "that the land was taken in wanton disregard of the other man's rights, * * * then you may assess such amount by way of punitive damages as you in your sound discretion think the case warrants." By the petition it will be seen that the action was commenced for the sole purpose of recovering damages for the conversion of personal property, and no reference was made to the taking of the land under a spirit of wantonness, oppression, fraud, or any other way. On this ground, the cause should be reversed; but, as counsel for defendant in error in his brief states that, if the court finds that the item for exemplary damages cannot be sustained, it be eliminated without reversal of the cause, there being no other reversible error apparent in the record, we adopt his suggestion.

It is therefore ordered that the judgment of the court below shall be modified by striking out the one hundred dollar item as exemplary damages, and that in all other respects the judgment of the court below is affirmed, the costs in this court to be equally divided between the plaintiff in error and the defendant in error.

Hayes, Turner and Williams, JJ., concur; Dunn, J., disqualified.