## NELSON et al. v. BATEMAN.

No. 4219—Opinion Filed June 27, 1916.

(158 Pac. 1135.)

### Appeal and Error—Review—Harmless Error.

The improper admission of evidence, if not prejudicial to the party complaining, is not ground for reversal.

(Syllabus by Dudley, C.)

Error from County Court, Jefferson County; B. T. Price, Judge.

Replevin by Mrs. Hattie Bateman against G. A. Nelson and another, begun in justice court and appealed by defendants to county court. There was a judgment there for plaintiff, and defendants bring error. Affirmed.

Bridges & Vertrees, for plaintiffs in error.

D. F. Spradling and Harper & Dillard, for defendant in error.

Opinion by DUDLEY, C. This is an action in replevin originally brought in the justice court of Earl township, in Jefferson county, Okla., to recover possession of a certain horse, and for damages. Summons was issued and served, and defendants made default. The cause was tried, and judgment rendered for the plaintiff for the horse, or its value, in the sum of $100, and $25 damages and costs.

Defendants prosecuted an appeal to the county court of Jefferson county. On the trial before the jury a verdict was rendered in favor of the plaintiff for the horse, or its value, assessed at $100. Judgment was rendered in accordance with the verdict of the jury, and from which judgment plaintiffs in error (defendants in the court below) prosecuted this proceeding in error.

The only assignment of error urged by the brief of plaintiffs in error is, the trial court erred in permitting testimony objected to by defendants (plaintiffs in error) to go before the jury on behalf of the plaintiff, and was excepted to by the defendant.

The testimony complained of, as copied from the brief of plaintiffs in error, is as follows:

"During the trial of the case, a Mr. Goldsmith was permitted to testify to the following, over the objections of the plaintiffs in error: 'Q. Prior to Mr. Bateman's death, did he make any statement as to who was the owner of this horse? A. He asked me if I ever saw the colt. I told him I had, and he said that is it. Q. Was the colt there? A. Yes, sir. Q. Did you know where they got this mare? A. Nothing only what Mr. Bateman told me. Q. What did he tell you? A. He told me he swapped some mules that belonged to Mr. Blain to George Wommock for these mares. Q. And one of the mares was the mother of this colt? A. Yes, sir. Q. Who was Mr. Blain? A. Mrs. Bateman's father.'"

Similar statements were also testified to by J. A. George and Jack Stidham.

The testimony shows that on the 20th day of November, 1909, one J. R. Bateman, who was the husband of the plaintiff, Mrs. Hattie Bateman, defendant in error (plaintiff in the court below), executed a chattel mortgage covering among other property the horse involved in this litigation to G. A. Nelson, one of the plaintiffs in error, to secure the payment of a certain note. After J. R. Bateman died, and upon default of the conditions of the mortgage, the plaintiffs in error took charge of the horse, and defendant in error brought this action to regain possession of the horse.

The uncontroverted testimony shows that Mr. Blain, the father of Mrs. Bateman, died some years prior to the death of J. R. Bate-

man, and at the time of the death of Mr. Blain, he was the owner of two mares; that he left surviving him two children, Mrs. Bateman and her brother; that they divided the property among themselves, and Mrs. Bateman took one mare and her brother the other, and the horse in controversy was the colt of Mrs. Bateman's mare.

The only testimony offered on behalf of defendants (plaintiffs in error) to show title in Bateman was the affidavit which Bateman made at the time of the execution of the mortgage (which was erroneously admitted), in which he said he was the owner of the horse. Under the testimony given at the trial, even if the testimony complained of had been excluded, we believe that no other verdict could have been reached.

It is a settled rule in this state that the improper admission or rejection of evidence if not prejudicial to the party complaining, is not ground for reversal. Funk v. Hendricks, 24 Okla. 837, 105 Pac. 352; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

While the testimony of which plaintiffs in error complain was not admissible, yet, in the light of all the other testimony in the case, we cannot see how plaintiffs in error were prejudiced by its admission.

Finding no error in the record, it is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.