## JAMESON v. GOODWIN et al.

No. 4813—Opinion Filed Oct. 9, 1917.

(170 Pac. 241.)

1. **Deeds—Delivery—Sufficiency.**

Delivery of a deed to the duly authorized agent of the grantee in the deed is in law a delivery of the deed to the grantee.

2. **Same.**

Delivery of a deed by the grantor to one who has contracted to purchase and sell

lands to another is not a delivery of such deed to such person so contracting as the agent of the other contracting party, notwithstanding the other contracting party is named as the grantee in such deed.

### 3. Joint Tenancy— Remedies of Co-tenants —Ejectment.

A joint tenant of land can maintain ejectment for his interest in said land against his cotenant, where the other cotenant of such land has ousted such tenant from such land or denied his interest in such land.

### 4. Deeds—Delivery—Necessity.

Where an action is brought for recovery of land predicated upon a deed, and the uncontradicted evidence shows that the deed upon which such recovery is sought was never delivered to the plaintiff or his duly authorized agent, the plaintiff cannot recover in such action, as to the interest in land conveyed by such deed.

### 5. Ejectment—Recovery—Extent.

In an action for the recovery of land, the plaintiff may recover such part of the land to which he shows title and right of possession, notwithstanding he is not entitled to recover all of the land sued for.

(Syllabus by Collier, C.)

Error from District Court, Pawnee County; L. M. Poe, Judge.

Action to quiet title by George Jameson against G. W. Goodwin and others. Judgment for defendants, sustaining a demurrer and dismissing the cause, and plaintiff brings error. Reversed and remanded, with instructions.

Dillard & Blake and Burwell, Crockett & Johnson, for plaintiff in error.

James B. Diggs, Henry McGraw, and Rush Greenslade, for defendant in error Gypsy Oil Co.

Biddison & Campbell, W. T. Cleeton, R. Frank Stinson, and G. W. Goodwin, for other defendants.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error, hereinafter styled plaintiff, against the defendants, in error, hereinafter styled defendants, for the recovery of a one-third undivided interest in the lands described in the petition in this case, and to quiet title of the plaintiff to the same.

The sufficiency of the pleadings and correctness of the action of the court thereon is not questioned by this appeal.

The undenied essential facts in the case so far as we deem it necessary for a correct review of this appeal are: That James H. Allen, who departed this life prior to 1911, was the owner of the lands described in the petition in this case, and left as heirs at law, Mary Wilson, Polly Tate, Dora Barnhart, Nancy Kindt, J. E Allen, and other children; that on the death of James H. Allen, J. E. Allen, his son, became the owner of a one-fifteenth undivided interest in and to said lands, and that on the 14th day of January, 1911, J. E. Allen sold and conveyed to plaintiff his undivided one-fifteenth interest in and to said lands, which deed was duly recorded in the office of the register of deeds of Pawnee county, Okla., on the 18th day of January, 1911; and that at the time of making said deed to the plaintiff, J. E. Allen entered into a written contract with the said plaintiff, which said contract is in words and figures as follows, to wit:

"It is agreed by and between J. E. Allen as party of the first part, and George Jameson, as party of the second part, that for and in consideration of the sum of $2,550.00 to be paid by the said George Jameson, to the said J. E. Allen, on the fulfillment of this contract by the said J. E. Allen, that he, the said J. E. Allen is to immediately obtain if possible from the heirs at law of the estate of J. H. Allen deceased, good and sufficient deeds for the lands described herein, to wit: Northeast quarter of sec. 34, township 21, range 8 east I. M., and the northwest quarter of sec. 34, township 21 north, range 8 east I. M., and the south half of the northeast quarter of sec. 28, township 21 north, range eight east I. M., all in Pawnee county, state of Oklahoma, and upon the delivery of the said deeds by the said party of the first part to the said party of the second part, that he, the said second party, shall pay the amount above set forth, and in case he, the said J. E. Allen cannot obtain the deeds from all of said above heirs that then the said second party is to pay each heir proportional part, to wit, each heir to receive 1/10 of the above consideration, including the said J. E. Allen.

"Dated this 14th day of January, 1911.
"[Signed]                              J. E. Allen,
                                          "Geo. Jameson."

The further undisputed evidence is that J. E. Allen procured from Mary Wilson, Nancy Kindt, Polly Tate, Dora Barnhart, and their respective husbands, deeds to their respective interests in the lands in controversy aggregating in quantity four-fifteenths of said land, which deeds were executed to the plaintiff and delivered to the said J. E. Allen. The said J. E. Allen never delivered said deeds to the plaintiff and upon the other heirs of James H. Allen, deceased, declining to execute deeds to the plaintiff for their respective interests, the deeds executed by the said Mary Wilson, Nancy Kindt, Polly Tate, Dora Barnhart,

and their respective husbands, were returned by the said J. E. Allen to their respective grantors therein or destroyed; that after the record of said deed executed by J. E. Allen to plaintiff, and after said J. E. Allen had obtained the said deeds from Mary Wilson, Nancy Kindt, Polly Tate, Dora Barnhart, and their respective husbands, Wilson M. Purcell secured quitclaim deeds from all the heirs of the said James H. Allen, deceased, for all the lands described in the petition in this case except for the one-fifteenth undivided interest of J. E. Allen, which had been previously sold by the said J. E. Allen to the plaintiff, and took possession of all said lands, and thereafter the said Wilson M. Purcell executed and delivered to the defendants D. D. Mickleson and C. J. Wrightsman an oil and gas lease covering the entire land described in the petition in this case, and a few days after the said D. D. Mickleson and C. J. Wrightsman had acquired said lease, they assigned to the Gypsy Oil Company, a corporation, all their right, title, and interest in and to said lease; that the said Gypsy Oil Company took possession of all of said lands and expended large amounts in developing oil and gas upon the said land; that subsequent to the execution of the said lease by Wilson M. Purcell, Wilson M. Purcell died, and hence the administrator and administratrix and the heirs of his estate are made defendants in this action.

There is also voluminous evidence detailing the transactions in relation to the securing of the deeds by the said J. E. Allen from the said grantors, and especially in reference to the question whether or not the deeds were delivered to J. E. Allen with the condition that the deeds from the said Mary Wilson, Nancy Kindt, Polly Tate, Dora Barnhart, and their respective husbands, were to be returned to the several grantors in the event that the other heirs of James H. Allen, deceased, did not execute deeds to the plaintiff, which evidence, from the view we take of the case, we deem it entirely unnecessary to recite.

The case was tried to the court and upon the conclusion of all the evidence, a demurrer was interposed by the defendants to the evidence, which demurrer was sustained by the court, cause dismissed, and the plaintiff taxed with the costs, to which action of the court plaintiff duly excepted, and brings error to this court.

It is the contention of the plaintiff that the delivery of the deeds executed by Mary Wilson, Nancy Kindt, Polly Tate, Dora Barnhart, and their respective husbands, to plaintiff was made to J. E. Allen as the agent of the plaintiff. If the said deeds were delivered to J. E. Allen as the agent of the plaintiff, such delivery to him was in law a delivery to the plaintiff.

"A delivery of a deed to a person having authority to receive the same in behalf of the grantee will be a sufficient delivery." 13 Cyc. 567.

If, on the other hand, the deeds were not delivered to J. E. Allen as the agent of the plaintiff—it not being contended or shown by the evidence that they were ever delivered to the plaintiff in person—plaintiff did not acquire any interest in said lands by said deeds executed by Mary Wilson, Nancy Kindt, Polly Tate, Dora Barnhart, and their respective husbands, as in order to acquire title to real estate by deed there must be a delivery of the deed to the grantee or his duly authorized agent or representative, an elementary principle of law so well established as not to require citation of authority in support thereof. It therefore follows that one of the most vital questions in this case is a proper interpretation of the contract which J. E. Allen entered into with the plaintiff, which is hereinbefore set forth in haec verba.

We are of the opinion, and so hold, that the said contract did not create the relation of principal and agent by and between J. E. Allen and the plaintiff, but was a contract whereby J. E. Allen undertook to purchase and sell these lands to the plaintiff, and consequently, J. E. Allen, and being the agent of the plaintiff, the delivery of the deeds to him was not a delivery to the plaintiff, notwithstanding the plaintiff was named as grantee in said deeds, and therefore, the deeds not having been delivered to the plaintiff or his duly authorized agent, but having been returned to the respective grantors, or destroyed, by the said J. E. Allen, plaintiff never acquired any interest in the lands described in the deeds executed by Mary Wilson, Nancy Kindt, Polly Tate, Dora Barnhart, and their respective husbands. In King v. Coombs, 36 Okla. 396, 122 Pac. 181, it is held:

"Where a person, knowing of lands upon which an oil and gas mining lease can be obtained, and knowing the price at which he can obtain it, offers to sell it to another at a fixed sum, which offer is accepted by the other, and he then procures the lease, the transaction is not one of agency, and the person offering the lease occupies the position of an assignor of the lease, though the lease is made direct from the landowner to the person to whom he has offered to sell it."

In King v. Coombs, supra, this court quotes with approval Black v. Webb, 20 Ohio, 304, 55 Am. Dec. 456, in which Webb sued Black for breach of the following agreement:

" 'Received $175.00 to buy barley for William Webb, for which I agree to deliver 1,000 bushels of barley to Mr. Reynold's warehouse in Massilon, at 35c per bushel, by the middle of April, next. The said barley to be good, merchantable barley.' * * * The question involved in this case was whether Black was the agent of Webb in purchasing and storing the barley at Massilon, or was he the vendor of 1,000 bushels of barley to Webb to be delivered at a given time, at a certain place, and for a stipulated price? * * * The court held that the facts constituted a contract of purchase and sale, and not an agreement constituting an agency."

In Kelley, Maus & Co. v. Sibley, 137 Fed. 586, 69 C. C. A. 674, it is said:

"Where defendant proposed to sell plaintiffs an unlimited quantity of machine bolts at 80 per cent. off, f. o. b. seller's place of business, at 5 per cent. commission, which bolts he was to get under a contract which he had with nonresident manufacturers, and plaintiffs replied, accepting the offer, and requesting that defendant place the order with the factory, and advise plaintiffs how soon they could look for shipment, defendant was a seller of the bolts, and not plaintiffs' agent to buy the same."

See, also, Moors v. Kidder, 106 N. Y. 32, 12 N. E. 818.

The deeds from Mary Wilson, Polly Tate, Dora Barnhart, and Nancy Kindt, and their respective husbands, not having been delivered to plaintiff or his agent, it is entirely immaterial whether or not the said deeds were delivered to the said J. E. Allen by the respective grantors upon the condition that in certain events the deeds were to be returned to the grantors, and therefore the admission or rejection of any evidence bearing upon this question, being entirely immaterial, would not be reversible error. In Nelson et al. v. Bateman, 59 Okla. 242, 158 Pac. 1135, it is said:

"The improper admission of evidence, if not prejudicial to the party complaining, is not ground for reversal." Funk v. Hendricks, 24 Okla. 837, 105 Pac. 352; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

It is admitted in the pleadings and shown in the evidence that the plaintiff has a one-fifteenth undivided interest in the lands in controversy; that the Gypsy Oil Company is in possession of the entire land described in the complaint; that they are holding same under and by virtue of a lease of the entire land executed by Wilson M. Purcell to D. D. Mickleson and C. J. Wrightsman, and assigned by them to the said Gypsy Oil Company; that the Gypsy Oil Company admits in their answer that it knew when said company acquired said lease from Mickleson and Wrightsman that the plaintiff was the owner of a one-fifteenth undivided interest in the land covered by said lease. The said Wilson M. Purcell at the time of the execution of the said lease to D. D. Mickleson and C. J. Wrightsman had no right to lease the entire lands described in the petition and by said act, especially in view of the answer of D. D. Mickleson and C. J. Wrightsman that they understood by said lease they acquired a good lease to all the lands described in the petition, the said leasing by the said Wilson M. Purcell was an ouster of the plaintiff from said land—a denial of the rights of the plaintiff—and authorized him to maintain this action to recover possession of his one-fifteenth undivided interest therein, and to quiet his title thereto against the administrator and administratrix and his cotenants, the heirs of the estate of Wilson M. Purcell, deceased, and against the said Gypsy Oil Company as hereinafter shown. Section 4930, Revised Laws of Oklahoma, reads:

"In an action, by a tenant in common of real property, against a cotenant, the plaintiff must, in addition to what is required in the second preceding section, state, in his petition, that the defendant either denied the plaintiff's right, or did some act amounting to such denial."

It is averred in the petition and shown by the evidence that the cotenant of plaintiff, Wilson M. Purcell, by leasing the entire land to D. D. Mickleson and C. J. Wrightsman, did an act amounting to a denial of plaintiff's right, and this denial of plaintiff's right entitled him to maintain an action in ejectment for his interest in the land and to quiet his title to the same.

"One joint tenant cannot maintain against his cotenants an action of ejectment, unless such cotenant has said or done something which amounts to an ouster or to a denial of the right of the other tenant." 23 Cyc. 493.

In the instant case, the leasing of the entire land by the cotenant of plaintiff was the doing of something which amounted to an ouster, to a denial of the right of the plaintiff.

The Gypsy Oil Company, as shown by the evidence, admits in their answer that they have possession of the entire tract of land described in the petition in this cause, hold-

ing the same as the assignee of the lease executed by Wilson M. Purcell to D. D. Mickelson and C. J. Wrightsman, and occupying and operating the same for oil, and have not accounted to plaintiff for any of the profits arising from the operation of said oil wells. The answer of the said company admits the title of the plaintiff to a one-fifteenth interest in said land—is in effect a plea of disclaimer—and this, as against the said company, entitled the plaintiff to recover for any part of the land sued for which the evidence shows he owns and is entitled to possession of, as the lease under which they hold was not binding upon the plaintiff.

"Under ordinary circumstances neither tenant in common can bind the estate or person of the other by any act in relation to the common property, not previously authorized or subsequently ratified." 38 Cyc. 101.

"A tenant in common, not authorized thereto by his cotenants, cannot execute a lease that will bind them without subsequent ratification, even though the tenant in common attempting so to lease is in possession of the whole land. * * *" 38 Cyc. 104.

"An oil and gas lease made by a tenant in common to a stranger is void as against his cotenants." Zeigler v. Brenneman, 237 Ill. 15, 86 N. E. 597.

While the plaintiff under the evidence in this case was not entitled to recover the one-third interest in the lands sued for, he was entitled to recover his said one-fifteenth undivided interest therein against the administrator, administratrix, and heirs of Wilson M. Purcell, deceased, and against the Gypsy Oil Company, and to have his title to the same quieted, for though a plaintiff may not be entitled to recover the quantity of land sued for, he may recover possession of any part of the land sued for which the evidence shows he is the owner of and entitled to the possession of. Therefore the court committed reversible error in sustaining a demurrer to the evidence.

For the error pointed out, this case is reversed and remanded, with instructions to the trial court to set aside the judgment rendered in this cause and grant plaintiff a new trial and proceed to try the case in accord with the views expressed in this opinion.

By the Court: It is so ordered.