## IRELAND et al. v. CHATMAN.

No. 10852—Opinion Filed July 25, 1922.

Rehearing Denied Oct. 3, 1922.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Findings—Sufficiency of Evidence.**

   The record examined, and held, that the finding of facts of the court, are not clearly against the weight of the evidence, and therefore will not be disturbed.

2. **Appeal and Error—Citation of Authorities—Affirmance.**

   Where a party seeks to have a judgment of the lower court reversed, and the only authority relied upon for reversal, when applied to the facts in the case, supports the correctness of the judgment of the trial court, this court will affirm the judgment on appeal.

3. **Oil and Gas — Termination of "Unless" Lease.**

   The lessee of an oil lease under an "unless" lease, so long as he pays the rental in the manner provided, has an option to continue the lease in force, and the same is subject to termination at his will, which privilege he may exercise by failure to pay the stipulated rentals, in which event the lease automatically terminates.

4. **Contracts—Construction — Contracts Optional as to One Party.**

   When contracts are optional in respect to one party, they are strictly construed in favor of the party that is bound and against the party that is not bound.

   Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

   Action by Ralph J. Chatman, a minor, by guardian, against O. M. Ireland and others to remove oil lease as a cloud upon his title. Judgment for plaintiff, and defendants bring error. Affirmed.

   James M. Hays, for plaintiffs in error.

   A. L. J. Meriwether, for defendant in error.

   McNEILL, J. This action was commenced in the superior court of Okmulgee county by Ralph J. Chatman, a minor, by his guardian, Emma Adams, against O. M. Ireland, Fred J. Lucas, and Frank Bostock to quiet title and to remove an oil and gas lease executed, which had been assigned to defendants, as a cloud upon the title. The lease was dated the 20th day of July, 1917, and provided, if no well be commenced on said land on or before the 20th day of July, 1918, the lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or the lessor's credit in the Citizens' State Bank of Okmulgee or its successors, which shall continue as the depository, regardless of changes in ownership of the land, the sum of $80, which shall operate as a rental, and cover the privileges of deferring the completion of a well for 12 months from said date. The petition alleged that no well was commenced within the time, and that the rental was never paid to plaintiff nor deposited in the bank as required by the terms of said lease.

   The defendants filed an answer, and admitted that they were the owners of the lease, and alleged that on the 16th day of July, 1918, they deposited to the credit of the plaintiff the sum of $80 to cover the privilege of deferring the completion of a well on the land described in said lease. To this answer, the plaintiff filed a reply in the nature of a general denial. After the statement of the case was made, the court stated in substance as follows:

   It seems that the only question left for the court to determine from the admissions in the answer would be the question of payment. The plaintiffs in error in their brief state this is the only question for consideration of the court. Upon the trial of the case, the court found that the defendants did not pay the rentals, on or before the 20th day of July, 1918, as provided in the lease, and the lease by its terms terminated as to both parties, and removed the same as a cloud on the title of said land. It was admitted that no payment or tender was made direct to the plaintiff. The court also found, in substance: That on the 16th day of July, 1918, Ireland executed a check in favor of the Citizens' State Bank of Okmulgee, and mailed it to said bank from Sapulpa, Okla.; that the vice president of the bank received said letter on the 18th day of July after banking hours and placed it with other letters in a drawer and never opened the letter until the 29th day of July, when the money was deposited to the credit of the plaintiff. The record discloses that the plaintiff, either in person or through her

agent or representative, called at the bank on the 20th, the 22nd, and on the 24th of July and inquired if a deposit had been made for her, and she was advised that no money had been received, and none placed to her credit. On the 25th day of July, she, or her husband for her, wrote a letter to Mr. Ireland, one of the plaintiffs in error, advising that the rental had not been paid, and asked that he execute a release. Mr. Ireland never replied to this letter. Plaintiff testified that she advised the bank on the 24th day of July not to accept any payment on the lease or deposit the same to her credit, as the time for making payment of the rental had passed. The court found that no payment had been made as provided by the terms of said lease.

The plaintiffs in error contend that the finding of the court, to wit that the vice president of the bank received the letter with the check enclosed on the 18th day of July, but did not open the same until the 29th day of July, is clearly against the weight of the evidence, or that portion of the finding, that he did not open the letter until the 29th of July. There is no direct evidence whether the letter was opened until the 29th of July or not, but that is the inference to be derived from the testimony of the vice president. The finding, therefore, is not clearly against the weight of the evidence.

The plaintiffs in error, to support their contention that the facts found amount to a payment and that the judgment is erroneous, cited Thornton on Oil and Gas, page 406, the case of Yoke v. Shay (W. Va.) 34 S. E. 748, and Friend v. Mallory (W. Va.) 43 S. E. 114. These authorities do not sustain the contention of plaintiffs in error. The quotation from Thornton on Oil and Gas relied upon contains in part the following language:

"It is not material, said the court, whether the deposit was made in lawful money, or in checks or drafts, as it was accepted by the bank, and the amount thereof placed to the credit of appellee, subject to his order, thereby enabling him to draw the money from the bank when he desired."

The case of York v. Shay, supra, relied upon by the plaintiffs in error, states as follows:

"The lessor, in the lease designated the bank as the proper depository, and all the plaintiff was required to do was to make the deposit, and leave the payment to the bank as it saw fit. The certificate of deposit was proper as evidence thereof, and counsel's objection thereto is frivolous."

The case of Friend v. Mallory, supra, states as follows:

"Whether the deposit was made in lawful money, or in checks or drafts, is not material, so the amount was placed to their credit in the bank."

The syllabus in that case states as follows:

"Held, that deposit of a payment by the lessee in such bank to the credit of the lessor on or before the date such payment would fall due is a sufficient payment to lessor, and it is immaterial whether it is paid in lawful money, or by check, draft, or otherwise."

The force and effect of the holding in the cases cited is, when the deposit is made to the party's credit and is subject to his orders. the same constitutes payment within the terms of the lease. Applying the law, then, to the evidence which is uncontradicted, the deposit was not made to plaintiff's credit until July 29th, or nine days after the lease terminated by its own terms; so, under the holding of these cases, the payment was not made until the 29th of July, which was too late. These are the only cases or authorities cited and relied upon by plaintiffs in error to support their contention, and, by applying the law announced in these cases, the judgment of the superior court is correct.

This court in a long line of cases has held that the lessee of an oil lease under an "unless lease," so long as he pays the rental in the manner provided, has an option to continue the lease in force, and it is subject to termination at his will, which privilege he may exercise by failure to pay the stipulated rental, in which event the lease automatically terminates. See Eastern Oil Co. v. Smith, 80 Okla. 207, 185 Pac. 773; Mitchell v. Probst, 52 Okla. 10, 152 Pac. 597; Garfield Oil Co. v. Champlin, 78 Okla. 91, 189 Pac. 514. This court has announced the following rule:

"When contracts are optional in respect to one party, they are strictly construed in favor of the party that is bound and against the party that is not bound." See Eastern Oil Co. v. Smith, supra, and cases therein cited.

The case of Chapple v. Kansas Vitrified Brick Co. (Kan.) 79 Pac. 666, is a case where the facts were very similar to the one at bar, and the court held the same did not amount to a payment or tender.

The plaintiffs in error at the close of their brief state they tendered the $80 to the credit of defendant in the bank. That is the place in the record they rely upon

a tender. In their answer they plead payment, and tried the case on the plea of payment. They now say the facts amount to a tender. No cases are cited to support the contention that mailing a check on another bank to a bank amounts to a tender until the check is accepted. and a deposit made. There was no equitable plea tendered. but the defendants plead payment. and the facts found do not amount to payment within the terms of the lease.

The judgment is therefore affirmed.

PITCHFORD. V. C. J.. and JOHNSON. ELTING. and KENNAMER, JJ.. concur.