## McCLINTICK, Adm'r, et al. v. ELLIS et ux.

No. 12477—Opinion Filed Sept. 19, 1922.

(Syllabus.)

**1. Deeds — Delivery — Possession Without Delivery.**

It is well settled that a deed may be deposited with the grantee or handed to him for any purpose other than as the deed of the grantor, or as an effective instrument between the parties, without becoming at all operative as a deed.

**2. Same—Intent of Grantor—Proof.**

Where there is a dispute as to whether there has been a delivery of a deed of conveyance, the real test is the intention of the grantor, which intention may be manifested by mere acts or by words or both combined, and such acts and words and the circumstances relevant thereto are susceptible of parol proof.

**3. Appeal and Error—Questions of Fact—Delivery of Deed—Cancellation.**

Delivery being a question of fact, and the trial court having passed on the evidence and found in favor of the plaintiff, and ordered the cancellation of the deed, the judgment of the trial court should not be reversed, unless we find same to be against the clear weight of the evidence.

**4. Same.**

Record examined, and held, that the judgment in the case at bar is not against the clear weight of the evidence.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action by G. R. Ellis and wife against Bert McClintick, administrator, to cancel deed and quiet title; the First National Bank of Claremore intervening. Judgment for plaintiffs, and defendant and intervener bring error. Affirmed.

Gilbert R. Frith, C. B. Holtzendorff, and P. W. Holtzendorff, for plaintiffs in error.

H. Tom Kight, Jno. Q. Adams, and Richard H. Wills, for defendants in error.

KANE, J. This was an action to set aside a deed and to quiet title to a certain tract of land, commenced by the defendants in error, plaintiffs below, against Bert McClintick, administrator of the estate of R. W. Smith, deceased.

Subsequently, in due time, the First National Bank of Claremore intervened in the cause for the purpose of protecting an interest which it claimed in the land involved as an attaching creditor in an action for debt commenced against Augusta Smith, the surviving wife of the deceased.

Upon trial to the court there was judgment in favor of the plaintiffs as prayed for, to reverse which this proceeding in error was commenced.

The grounds upon which relief was claimed by the plaintiffs, as stated in their petition, may be briefly summarized as follows:

The plaintiff G. R. Ellis and R. W. Smith, deceased, during his lifetime, were the owners in common of the tract of land involved; that sometime prior to the death of Smith, Ellis and wife, the plaintiffs herein, prepared a warranty deed purporting to convey their interest in the land to Smith; this deed was complete in every particular except that, although it contained at the end thereof the customary blank form or place for acknowledgment, the same was not acknowledged by either Ellis or his wife; that, without any intention to deliver the same, Ellis entrusted Smith with the possession of his unacknowledged deed for the purpose of facilitating a sale of the land to a third person at an agreed consideration of seven thousand ($7,000) dollars with the distinct understanding and agreement that when said Smith paid to said Ellis the sum of $3,500 in cash, said plaintiffs would acknowledge said deed and deliver the same to R. W. Smith as a deed, who in turn would make and deliver a deed to the prospective purchaser; that Smith, without procuring a sale or paying Ellis the stipulated consideration for the land and without the knowledge or consent of the plaintiffs, fraudulently procured said deed to be acknowledged before a notary public and thereafter placed the same of record, thereby clouding the title of the plaintiffs and defrauding them out of their interest in the land; that subsequently Smith died and Bert McClintick was duly appointed administrator of his estate, whereupon this action was commenced.

The answer of the administrator was, in effect, as follows:

First. That while Ellis appeared of record to be the owner in common with Smith of the land involved, in truth and in fact when the same was purchased from the former owner the entire consideration was advanced by R. W. Smith, and while the record showed that Ellis held the legal title to an undivided one-half interest therein, in view of the facts hereinbefore stated, it should be held that he was holding the legal title in trust and for the sole use and benefit of said R. W. Smith.

Second. That the plaintiffs executed to said R. W. Smith a warranty deed conveying their interest in said land and that the same was recorded as alleged; and further alleges that said plaintiffs delivered, without any condition, said deed to said R. W. Smith, and that by the execution and delivery thereof said R. W. Smith became vested with the legal and equitable title to the whole of said tract of land.

Upon the issues thus joined there was trial to the court, and there was judgment and decree for the plaintiffs as hereinbefore stated.

As the rights of the intervening bank as an attaching creditor rest upon reversing the judgment and decree in favor of the plaintiffs setting aside the deed, upon the grounds herein indicated, it will not be necessary to make a fuller statement nor to notice the pleadings filed by it in order to dispose of its claim.

Counsel for plaintiffs in error in their brief state their sole contention as follows:

"The question to be determined is whether a deed absolute by its terms, and delivered to the grantee, can be set aside upon oral evidence that grantee was to perform certain conditions not named therein nor contained in any other instrument of writing."

We do not understand that either the pleadings or proof in this case bring it within the operation of the rule invoked by counsel.

Undoubtedly, as a general rule, it is well settled that a deed cannot be delivered to the grantee in escrow upon a condition not expressed in the instrument, and if such delivery be attempted, the deed will take effect regardless of the condition. 18 C. J. 211.

But to justify the application of this rule to a particular state of facts, there must at least be shown a delivery of the deed, which

implies that it shall become at once effective either absolutely or conditionally. Wheelwright v. Wheelwright, 2 Mass. 447; Black v. Sharkey, 104 Cal. 279, 37 Pac. 939. This is not the case here, where, as we have seen, it was alleged that the understanding, and therefore the intent, that the deed should or could take effect presently was lacking.

And the fact that by statute acknowledgment was not necessary to the validity of the deed as between the parties, although they may have believed it was, does not help the defendants' case. Indeed, if anything, it tends to militate against the soundness of their position, for in the circumstances disclosed it tends to show that there was no intent on the part of either the grantee or the grantors that the deed should become immediately operative. Kenney v. Parks, 137 Cal. 527, 70 Pac. 556, is strongly in point on this particular phase of the case.

The plaintiffs, as we have seen, alleged that deed was placed in the hands of the grantee with the express understanding that it would not become effective as the deed of the grantor, until the consideration was paid and the instrument was returned to the grantors for the purpose of acknowledging their signatures thereto before a notary public.

As the trial court found that the allegations of the petition were true and the record shows that there was sufficient evidence produced at the trial to support the finding, the only question left for our consideration is: Do the facts alleged and proven come up to the measure required to constitute a good delivery of a deed.

We are convinced that this question must be answered in the negative, and we will now cite a few of the authorities which in our judgment support this conclusion.

In the first place, it is well settled that a deed may be deposited with the grantee or handed to him for any purpose other than as the deed of the grantor, or as an effective instrument between the parties, without becoming at all operative as a deed. I Devlin on Deeds, sec. 271.

In Johnson v. Craig et al., 37 Okla. 378, 130 Pac. 581, it was held:

"Where there is a question as to whether there has been a delivery of a deed of conveyance, the real test is the intention of the grantor, which intention may be manifested by mere acts or by words or both combined, and such acts and words and the circumstances relevant thereto are susceptible of parol proof."

In McKinney et al. v. Bluford, 81 Okla. 166, 197 Pac. 430, the applicable rule was announced and correctly applied to a particular state of facts as follows:

"Mahale, a full-blood Creek Indian, executed a will devising her allotment to Fickey, also a full-blood Creek Indian, who was in no way related to the testatrix, either as heir or otherwise. Fickey executed a deed to the land so devised to McKinney; the deed was left with the grantee. At the execution of the deed, a date was set to appear before the proper county judge and have the deed approved, the consideration to be paid in the presence of the county judge upon approval of the deed. On the date so set, Fickey appeared at the office of the county judge; the grantee failed to appear. The deed was placed of record by the grantee. No part of the consideration was ever paid or tendered. Held, the possession of the deed by the grantee, under the circumstances stated, was not such a delivery as is contemplated by law."

This court on numerous occasions has discussed the question of delivery of a deed and has repeatedly announced the rule that the question is always one of fact, and depends solely upon whether the grantor intended that the instrument in question should become operative immediately and vest title in the grantee. McCuan v. Gordon, 44 Okla. 254, 144 Pac. 348; Powers v. Rude, 14 Okla. 381, 79 Pac. 89; Hunter v. Spencer, 21 Okla. 155, 95 Pac. 757; Taylor v. Harkins, 74 Oklahoma, 178 Pac. 117; Jameson v. Goodwin, 66 Okla. 146, 170 Pac. 241; King v. Antrim Lbr. Co., 70 Oklahoma, 172 Pac. 958; Shaffer v. Smith, 53 Okla. 352, 156 Pac. 1188.

Kenney v. Parks et al., supra, seems to be more directly in point in its facts than any of the cases called to our attention. In that case the plaintiff signed without consideration two writings in the form of deeds purporting to convey to her husband two city lots. It was alleged that these deeds were executed at the request of the husband and placed in his possession upon his representations that he would not have them recorded (both parties erroneously believing they would be invalid unless recorded) unless he should survive her. The deeds were subsequently recorded by Kenney, whose promises not to record them were made without intention to keep them. In the above entitled case, where the sufficiency of this as a delivery came into question, it is held:

"Where a wife executed two deeds to her husband, and on his representation that they would not have any validity until recorded,

and on his promise that he would not have them recorded unless he survived her. placed them in his possession. there was no delivery of the deeds. as there was no intent that they should become operative as such."

As we have said. delivery being a question of fact, and the trial court having passed on the evidence and found in favor of the plaintiffs, and ordered the cancellation of the deed. the judgment of the trial court should not be reversed, unless we find same to be against the clear weight of the evidence.

Being satisfied that the judgment in the case at bar is not against the clear weight of the evidence, it follows that the judgment of the trial court must be affirmed.

JOHNSON, McNEILL, MILLER. KENNA-MER, and NICHOLSON, JJ.. concur.