## WORRELL v. PARSONS.

No. 18476. Opinion Filed Oct. 9, 1928.

Bond & Bond, for plaintiff in error.

Womack, Brown & Cund, for defendant in error.

HUNT, J. This is an appeal from a judgment rendered in the district court of Stephens county in an action wherein C. C. Worrell appeared as plaintiff and Ed V. Parsons as defendant. The parties appear here as in the trial court, and will be so referred to herein.

Plaintiff filed his petition seeking cancellation of an oil and gas lease in so far as it covered a certain 20 acres of land referred to as the north 20 acres of a certain 80 acres for the reason that the rental due under the terms of the original lease had not been paid on said 20 acres, and for the further reason that the development of same had not been prosecuted with due diligence and as required by the terms of the lease. Plaintiff was the owner of said 80 acres of land, and on May 28, 1920, executed an oil and gas lease covering same for a term of five years and as much longer thereafter as oil or gas was produced therefrom in paying quantities. It was the usual form commercial lease and provided that if no well be commenced within a year from the date thereof, said lease should terminate as to both parties unless a rental of $1 per acre was paid to lessor by lessee. Defendant, Parsons, became the owner of said lease by assignment, and shortly thereafter assigned 60 acres of the 80 acres covered by said lease to the Ranola Oil Company, retaining the north 20 acres of said 80 for himself, and it is as to this 20 acres plaintiff seeks cancellation of said lease. The record conclusively shows that the Ranola Oil Company completed a producing well on the 60 acres of this property covered by this assignment within the first year, and while so producing the lease was continued in force and effect without the payment of any rentals. This well was brought in along in May or June, 1921, and continued to produce oil until about April, 1922, when it was shut down, and according to the testimony of plaintiff's witnesses the well remained shut down for some four or five months, or until September, 1922. It further appears that the Ranola Oil Company sold and assigned this 60 acres to Fisher Brothers, who took charge of this well and also began drilling other wells on this 60 acres, and actually completed some five or six producing wells on this property.

It is therefore the contention of defendant that by reason of this production on the 80 acres covered by the lease of which the 20 acres here in controversy was a part that no rentals became due and payable on said lease, and further contended that there was no duty or obligation on his part to develop this 20 acres under all the facts and circumstances as shown by the record. It appears, however, that the Ranola Oil Company paid one rental of $60 on this 60 acres in May, 1923, but no further rental on same was paid, and plaintiff contends that defendant should have also paid the sum of $20 covering rental on the 20 acres retained by him, and having failed to do so or to diligently develop and operate said lease on the 20 acres, that the lease in so far as it covers said 20 acres should be canceled and title to same quieted in plaintiff. A jury was waived and all questions of both law and fact were submitted to the court, and after hearing

all the evidence, judgment was rendered in favor of defendant and against the plaintiff. It is from this judgment plaintiff prosecutes this appeal.

The propositions relied on by plaintiff are set out in his brief filed herein, from which we quote as follows:

"It is the contention of plaintiff that Parsons, upon his failure to pay rental after Ranola Oil Company ceased producing from first well, lost his right to hold the 20 acres any longer under the lease involved in this case. This suit was based upon failure of the defendant to drill on said land and upon his failure to pay the $1/ per acre rental for failure to drill as provided in the lease. There is no dispute by Mr. Parsons, the defendant, of the evidence that the Ranola Oil Company ceased producing from its well and resumed the payment of the $1 per acre rental, nor is there any contention that Mr. Parsons paid the rental on the 20 acres sought to be held by him. We contend, first, that by his failure to pay the $1 per acre rental on the 20 acres he seeks to hold, the defendant forfeited his right to hold the 20 acres under said lease, even though the Ranola did later on resume operations and its assignees drilled other wells; and second, that, under the circumstances in this case, the plaintiff was entitled to have the 20 acres developed and that the defendant has forfeited any right he may have had to the 20 acres by his failure to develop it and drill thereon."

In support of his first contention, counsel for plaintiff cites Garfield Oil Co. v. Champlin, 103 Okla. 209, 229 Pac. 824, and Ireland et. al. v. Chatman, 87 Okla. 223, 209 Pac. 408. We have examined each of these cases, and agree with plaintiff that same would be applicable and controlling here if the record before us established, first, a duty on the part of the defendant to pay the rental, and, second, a failure on his part to do so. It is admitted that he failed to do so, but, according to the terms of the lease and under the facts as disclosed by the record, was he required to do so?

It is not denied that oil was produced in paying quantities within the first year of the lease and continued to be so produced and royalties paid to the lessor until about April, 1922, when the well, according to the testimony, was temporarily shut down. Plaintiff's entire argument on this point seems to be based on the assumption that this shutdown of the well and failing for a short time to produce oil and the consequent discontinuance of royalty payments during this period, constituted an abandonment and made necessary the resumption of rental payments, and he argues that, since the Ranola Oil Company saw fit to pay one rental of $60 on that portion of the lease owned by it, that it likewise was the duty of defendant to either pay rental on his 20 acres or develop same in order to keep his lease alive. The record does not disclose just why the Ranola Oil Company made this one rental payment, but if there was no legal liability on their part to do so, it becomes immaterial as to why they paid it, and such voluntary payment on their part could not in any wise affect the rights of the defendant as to the interest owned by him. The testimony of one of the witnesses for plaintiff on this point shows that the well was producing when it was shut down in April, and was producing when it was opened up in September, and that nothing was moved off of the lease, so the mere shutting down of the well for this short period of time can in no sense be considered as an abandonment of the lease, and especially because of the fact that other producing wells were soon thereafter drilled upon the premises and the same continued to produce oil and were producing oil at the time of the trial of this case. The finding of the trial court that there was no abandonment, and therefore no duty on the part of defendant to pay this rental, is amply supported by the evidence, and in our judgment is clearly correct.

The next proposition relied on by plaintiff for cancellation of the lease on this 20 acres is the alleged failure of defendant to diligently operate and develop this 20 acres under the implied covenants in the lease, that he would do so.

We find on examination of the case of Mistletoe Oil & Gas Co. v. Revelle et al., 117 Okla. 144, 245 Pac. 620, cited and relied upon by plaintiff, that this court announced the rule as follows:

"Ordinarily, oil and gas leases are executed for the purpose of exploring and operating for oil and gas, and where its terms will permit it, under the rules of law, such lease will be construed so as to promote development and prevent delay and unproductiveness. * * * A court of equity will decree a forfeiture of the whole or part of an oil and gas lease, on account of a breach of an implied covenant to diligently operate and develop the property, when such forfeiture will effectuate justice. The granting of such relief depends upon the facts and circumstances surrounding each particular case."

We agree that plaintiff herein is entitled to demand and receive at the hands of the lessee of his property diligent operation and

development of the property under the terms of the original lease covering same, but it is also true, as was said in the case of Mistletoe Oil & Gas Co. v. Revelle, supra, that the granting of such relief "depends upon the facts and circumstances surrounding each particular case." In the instant case the trial court found, and we think the evidence abundantly supports his finding, that the property of plaintiff embraced in the original lease had been diligently operated and developed, and that, even though all operations had been confined to the 60-acre tract, under all the facts and circumstances surrounding this case, all the rights of the plaintiff had been fully protected. Considerable testimony was produced on this point, and we think it was clearly established that, under all the facts and circumstances in this case, no duty rested upon defendant to develop this 20 acres, either under the terms of the lease itself or the law applicable thereto. It clearly appears that there were no offsets to this 20 acres, and there was therefore no claim or contention that the property of plaintiff was being drained or in any way injured or impaired by failure to drill a well on this portion of the 80 acres covered by the original lease.

Plaintiff cites numerous cases as to the power of a court of equity to grant the relief he seeks herein. There can be no question as to the power of a court of equity to grant the relief sought by plaintiff upon a proper showing being made therefor, but, as we view the record before us, the trial court denied the relief sought, not because of any lack of power or jurisdiction on its part to grant same, but because the facts and circumstances, as disclosed by the evidence, were not such as to warrant the court in granting the relief sought, and in our opinion such finding and judgment of the trial court is amply sustained by the evidence. The judgment is therefore affirmed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.