## KIDD et al. v. KARNS.

No. 27477.   Oct. 5, 1937.

John E. Luttrell and D. V. Dale, for plaintiffs in error.

Pruett & Wamsley, for defendant in error.

GIBSON, J. This is an appeal from a decision sustaining a demurrer to plaintiffs' amended petition to cancel an oil and gas mining lease. A copy of the written oil and gas lease was attached to and made a part of the amended petition. The gist of plaintiffs' contention is that the lease never became effective because not delivered. It is alleged that, although the lease was on January 2, 1935, placed in the manual possession of defendant, it was "with the distinct oral understanding and agreement between the plaintiffs and defendant that the said oil and gas lease should not become effective, or be in force, unless the said defendant should within ninety (90) days from January 2, 1935, commence or cause to be commenced the drilling of a well for the production of oil and gas upon some part of section 27, township 6 north, range 10 west."

It is further alleged that the oral agreement and understanding was that the oil and gas lease should have no effect unless said well was commenced; that the agreement to drill said well was the sole consideration for the lease; that no well was commenced; that demand for surrender of

the lease had been made and plaintiffs were entitled to cancellation of the lease. The trial court, upon sustaining a demurrer to the petition and plaintiffs' election to stand upon their petition, dismissed the action. Plaintiffs thereupon appeal.

Plaintiffs contend that the rule forbidding the introduction of oral testimony to contradict the terms of a written instrument does not apply here. In the brief it is stated:

"It is the sole purpose of the plaintiffs to show that the lease, even though placed in the possession of the defendant, never did take effect as a conveyance; that, although assuming it to be a completed instrument, there was no delivery of it, so that the lease could never take legal effect."

There is no claim that there was anything else for the lessor to do. The lease, as shown by the copy made a part of the pleading, is a completed instrument. It is asserted that delivery is a question of intent, provable by parol. It is contended that the facts in this case are very similar to the facts in the case of McClintick, Adm'r, v. Ellis, 87 Okla. 75, 209 P. 403. That case holds that whether there has been a delivery of deed of conveyance may in certain cases be susceptible of parol proof, but it does not hold that in all cases where parol proof is offered to show nondelivery such parol proof will be competent or sufficient to show nondelivery. In fact the case acknowledges the general rule and illustrates one of the class of cases that is the exception to the rule.

"Undoubtedly, as a general rule," it states, "it is well settled that a deed cannot be delivered to the grantee in escrow upon a condition not expressed in the instrument, and if such a delivery be attempted, the deed will take effect, regardless of the condition."

The case then states the facts that take it within one of the exceptions—it was not to take effect until the consideration was paid and the instrument was returned to the grantors for the purpose of acknowledgment. It was not a case where the only condition was to be performed by the grantee, but a case where some further act was to be performed by the grantor or a third party. Here the lease is a complete instrument. There is no allegation that the lessor or a third person was required to do any further thing concerning it; the condition was to be performed solely by the lessee, into whose hands it was physically delivered.

The question of when and where a well was to be drilled by lessee and the consequences of failure to drill within the time specified were proper subjects of negotiation. The written lease covers these points.

We think in the circumstances related the case calls for the application of the rule against permitting parol evidence to vary the terms of a written contract (section 9456, O. S. 1931) and the application of the rules expressed in the following statements from other courts:

"The question is thus presented: Can a deed for land, absolute on its face, be delivered by grantor to grantee as an escrow or upon a parol condition? The general rule, founded on the ancient common-law definition of an escrow, is that it cannot be so delivered; that such a condition is void, and that the title passes absolutely to the grantee." Dorr v. Middleburg (W. Va.) 65 S. E. 97, 23 L. R. A. (N. S.) 987.

"Nor do we know of any authority which goes to the extent of holding that a deed delivered to a grantee with an intention on the part of the grantor that it shall be subject to a future condition, but with no express provision for recall by the grantor and requiring for its validity no additional act on the part of the grantor or any third person, can be defeated by parol proof of such condition." Wipfler v. Wipfler (Mich.) 116 N. W. 544, 16 L. R. A. (N. S.) 941.

The alleged oral agreement, consequently, if proved, could not have defeated the lease. The court was correct in sustaining the demurrer and dismissing the action.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.