Newton and Seeley v. Bealer.

NEWTON AND SEELEY v. BEALER ET AL.

1. **Deed**: DELIVERY OF: WHAT CONSTITUTES. What constitutes a valid delivery of a deed depends largely upon the intent of the grantor, and the particular circumstances of the case. Actual manual delivery and transfer of possession are not absolutely essential to effect a change of title.

2. ———: ———: ———. Where a father had executed a conveyance of realty to his infant son, but had retained the deed in his possession, and had in various ways indicated his intention that the property in question should be thus bestowed at his death, it was *held*, that effect should be given to this intention, notwithstanding there had been no manual delivery of the deed.

3. **Pleading**: EFFECT OF ADMISSION. An admission in a pleading inconsistent with the claim of the party making it, where the evidence introduced substantiates the claim, will not be allowed to prejudice his substantial rights.

*Appeal from Lee District Court.*

TUESDAY, OCTOBER 9, 1875.

On the 20th day of November, 1872, the plaintiffs, who are the heirs of Isaac Bealer, deceased, commenced this action to set aside a deed executed on the 6th day of July, 1867,

purporting to convey two hundred and twenty-three acres of land to Abraham Bealer. The petition alleges that the deed was never delivered, and that it is of no effect, and that Isaac Bealer died seized in fee simple of the lands therein described, that the deed remained in the possession and control of Isaac Bealer up to the time of his death, after which it was found amongst his papers and taken possession of by defendants and stamped and recorded. The defendant, Absalom Anderson, as guardian of Abraham Bealer, in his answer admits that Isaac Bealer, at the date of his death, was seized in fee simple of the real estate described in the petition. By way of cross bill said defendant alleges that Abraham Bealer, his ward, is aged about ten years, and is the only son of his father by a second marriage. That the deceased distributed his entire estate, as far as practicable, among the children of his first wife, and conveyed the balance of his realty to Abraham Bealer. That in the latter part of 1867 deceased executed and placed among his papers, for the use and benefit of his said infant son, another corrected deed, conveying all the lands described in petition and other lands, which deed by mistake and oversight he failed to sign. That deceased, after mature deliberation, made the deed exhibited by plaintiff, and the further deed referred to in the answer, and departed this life under the impression that he had conveyed in due form of law to his infant son all the lands set out in petition. Defendant asks that the mistake in the execution of the last deed may be corrected, and that the title to all the lands may be quieted in Abraham Bealer.

The court dismissed plaintiff's petition, and rendered judgment for defendant for costs. On the first of September plaintiffs gave notice of appeal. On the 13th of October following the defendants asked that the decree be modified, so as to except therefrom twenty-seven acres, not included in the first deed, and notified plaintiffs' attorneys thereof. The effect of this is to waive the claim under the second deed, not signed.

*S. B. Davis*, for appellants.

Delivery is an essential element of a deed. (Sheppard's

Touchstone, 57; *Jackson v. Leek*, 6 Cowen, 617; *Cook v. Brown*, 34 N. H., 460; Parsons' Laws of Business, 434.) To constitute a good delivery the grantor must do some act, putting it beyond his power to revoke. (2 Wash. on Real Prop., 254, § 20; *Hulick v. Scovil*, 4 Gilm., 173; *Church v. Gilman*, 15 Wend., 656; *Fairbanks v. Metcalf.*, 8 Mass., 230; *Stiles v. Brown*, 16 Vt., 563; *Johnson v. Farley*, 45 N. H., 510; *Overman v. Kerr*, 17 Iowa, 486; *Jackson v. Phipps*, 12 John., 421; *Woodbury v. Fisher*, 20 Ind., 388; *Mitchell v. Bartlett*, 51 N. Y., 447; *Baldwin v. Maultsby*, 5 Iredell, 505.) The delivery of a deed by any one, after the death of the grantor, is void. (*Mills v. Gore*, 20 Pick., 28; *Powers v. Russell*, 13 Pick., 75; 4 Kent, 454 (3d ed.); *Fay v. Richardson*, 7 Pick., 91.)

*Craiy & Collier*, for appellants.

Until dominion of the grantor over the deed has ceased, it passes no title. It is nothing more than a will defectively executed. (Rev., Chap. 156, § 7; *Habersham v. Vincent*, 2 Vesey, jr., 231; Powell on Dev., 13; 1 Rob. on Wills, 59; Rob. on Frauds, 337; *Parker v. Dustin*, 2 Foster, 424; *Doe v. Knight*, 5 Barn., 8 Cres., 671; *Com. Bank v. Reckless*, 1 Halst., 430; *Jackson v. Phipps*, 12 Johns, 421.) The recording of a deed is evidence that the grantor has parted with it. (*Cecil v. Beaver*, 28 Iowa, 241.)

*F. & F. H. Semple*, for appellees.

One who can, unassisted, explain the various provisions he intends putting in his will, is considered sane. (Taylor's Jurisprudence, 573.) The retention of the deed by the grantor, with the knowledge of the grantee, will not defeat it. (4 Kent., 6th ed., 458.)

The intent to convey appearing, a conveyance passes the interest of the grantor. (Code, § 1930.) Equity will correct or supply mistakes or omissions in a deed, to carry out the express intentions of the grantor. (*Warburton v. Lauman*, 2 G. Greene, 420.)

*Gillmore & Anderson*, for appellees.

Actual knowledge of the conveyance by the grantee is not essential to its validity. (*Robinson v. Gould*, 26 Iowa, 93.) An instrument may operate as a deed, though not parted with by the person executing it. (*Foley v. Howard*, 8 Iowa, 60.) In the case of infants and lunatics, delivery and acceptance are not necessary. (*Masterson v. Cheek*, 23 Ill., 76; *Bryan v. Wash*, 2 Gilmore, 557; *Cecil v. Beaver*, 28 Iowa, 242.) A voluntary settlement is binding in equity, even if the grantor retains the deed, unless there be other circumstances to show that it was not intended to be absolute. (*Souverbye v. Arden*, 1 John. Ch., 256; *Clavering v. Clavering*, 2 Vern., 473; *Boughton v. Boughton*, 1 Atk., 625; *Stow v. Miller*, 16 Iowa, 463; *Tallman v. Cooke*, 39 Iowa, 402.) Recording a deed is only *prima facie* evidence of delivery. The intention of the grantor governs. (*Lessees of Mitchell v. Ryan*, 3 Ohio St., 382.) The father being the natural guardian of the son, he might properly retain possession of his conveyance to the latter, and still evince the *intention* essential to the validity of the conveyance. (Id.)

DAY, J.—The deceased, Isaac Bealer, had several sons and two daughters by a former marriage. During his lifetime he made provision for these sons, by conveying to them real estate intended to constitute their shares of his estate. Abraham Bealer is the offspring of a second marriage, his father being about seventy-five years of age at the time of his birth. On the sixth day of July, 1867, Isaac Bealer duly executed a deed conveying to his son Abraham the lands in controversy. Isaac Bealer deceased on the sixteenth day of February, 1872, at the advanced age of eighty-four. Upon various occasions and to numerous parties during the last four or five years of his life, he expressed his determination that his infant son Abraham should have his homestead, the land in controversy. He left a will devising to this son his personal property but making no disposition of the realty. Four or five days before his death, in reply to his son David, who remarked to him that

he had better fix his property so there would be no fussing about that when he was gone, he said that he had that all fixed, and, pointing to a big chest which he had in the room, he said: "After I am gone the deed and will will be found in that chest." A few hours after his death this son found the deed in the chest, and kept it in his possession until a guardian for the infant was appointed, when he delivered the deed to the guardian, who stamped it and procured it to be recorded.

The deed is a conveyance to Abraham Bealer, in fee simple of the lands in controversy, reserving to Isaac Bealer the use and occupancy, rents and profits, during his life.

The plaintiffs introduced testimony that Isaac Bealer used, occupied, enjoyed and spoke of the land as his own, and that upon two or three occasions he offered to sell it.    Upon the other hand the defendants proved that he refused to sell timber from this land, upon the ground that the boy was to have it; and that the other children had received all they were to have.    The only point which plaintiffs make is that there was no delivery of the deed, that Isaac Bealer died seized of the lands, and upon his death they descended to his heirs.    Plaintiffs maintain that, in order to constitute a delivery of a deed, it must pass absolutely and irrevocably beyond the power and control of the grantor.    Undoubtedly there are many authorities which, in more or less strong terms, settle principles under which it would be held that what occurred respecting this deed did not amount to a delivery.

Upon the other hand there are very respectable authorities 1. DEED: delivery of: what constitutes. which hold that the question of delivery does not alone depend upon the fact that the deed has passed beyond the control and manual power of the grantor, but that it depends very largely upon the intent of the grantor to vest an estate, and the presumed acquiescence of the grantee to the acceptance of a conveyance beneficial to him.    If actual manual delivery upon the part of the grantor and acceptance by the grantee are essential to a valid conveyance, it would be impossible to execute an operative deed to an infant of very tender years.    Yet the cases are numerous where deeds executed to young children, with no other proof

of delivery and acceptance than that they were recorded by the grantor, have been upheld. In *Foley v. Howard*, 8 Iowa, 56 (60), it is said that "cases are not wanting to show that there may be instances where the instrument would operate as a deed, though it was not parted with by the person executing it." In *Stow v. Miller*, 16 Iowa, 460 (463), it is said: "If a father dies, leaving among his papers a deed of land, duly executed in form, to one of his children, the law will give effect to the same if there is anything indicating the intention of the intestate that it should become effective; for example, the conveying to other children an equal portion of his real estate, as was done in this case, a court of equity would be much inclined, in order to effectuate the ends of justice, to declare the deed valid, as was done in the case of *Scrugham v. Wood*, 15 Wend., 545, and this is about as far as the courts have gone on this subject. It will be observed that the death of the donor, under the circumstances stated, alters the relative condition and rights of the parties. The intervention of this contingency takes away all power to revoke the deed, or to make other disposition of the property which existed in life; and the law, in such an event, will or will not imply a delivery and make effective the deed, according to the intent of the grantor and the surrounding circumstances of the case." This we believe to be a correct statement of the law. Where one who has the mental power to alter his intention, and the physical power to destroy a deed in his possession, dies without doing either, there is, it seems to us, but little reason for saying that his deed shall be inoperative, simply because during life he might have done that which he did not do. It is much more consonant with reason to determine the effect of the deed by the intention existing up to the time of death, than to refuse to give it that effect because the intention might have been changed.

Applying this doctrine to the deed in question there can be no doubt that it should be sustained. The deceased, as he frequently declared, had made all the provisions for his other children that he intended to make. When within a very few days of his death, and evidently, as appears, contemplating

approaching dissolution, he says that he has his property all fixed, and points to the chest in which the deed would be found, which, as he supposed, had the effect to fix his property so that there would be no " fussing " about it when he was gone. He thus manifested an unequivocal intention, within a very short time of his death, to have this deed operate as a disposition of his property, and any construction of the law which ignores this intention and defeats this purpose prefers shadow to substance.     As bearing upon this question, see *Masterson v. Cheek*, 23 Ill., 76; *Pursley v. Walker*, 42 Ill., 311; *Souverbye v. Arden*, 1 Johns. Ch., R. 256; *Lessees of Mitchell v. Ryan*, 3 Ohio State, 382; *Cecil v. Beaver*, 28 Iowa, 242.

But the case of *Tallman v. Cooke*, 39 Iowa, 402, is decisive of this question.   In that case P. H. Tallman, on the thirteenth day of December, 1858, deeded certain lands to his son, John F. Tallman, then about three and one-half years old. The deed was not recorded until the twenty-third day of May, 1868.   In the meantime the deed remained in the manual custody of the grantor, but he testified that he held it as the guardian of his son and for his benefit.   In 1862 the lands were sold for delinquent taxes.   In 1871, John F. Tallman brought his action to redeem from this tax sale.   The question was whether he became the owner of the land before the tax sale, and was entitled to the benefits of the provisions respecting redemption, applicable to minors.   It was held that the deed was delivered before it was recorded, and that the title vested upon such delivery.

It is claimed, however, that the admission in the answer, that

3. PLEADING: effect of admission.   Isaac Bealer died seized of the lands in question, is decisive against the claim of Abraham Bealer to the land.   This admission must be taken in connection with the matter contained in the entire answer.   It is plain, when so considered, that it is more the admission of a legal conclusion than of a distinct fact.   Notwithstanding this admission the defendant claims that he is entitled to the land in question under the conveyance referred to, and if the proof supports this claim he should not be defeated because of this admission.

One of the counsel for appellee claims that the agreement

to waive the benefits of the decree as to the twenty-seven acres was made by a subordinate counsel, without his assent, and that it should not be enforced. This is claimed under the deed which was not signed. We are satisfied that that deed cannot be enforced, and that the only way to avoid the costs of appeal was to assent to this modification.

The decree is affirmed, with the modification agreed to.

AFFIRMED.