## SHAFFER v. SMITH *et al.*

No. 6891.    Opinion Filed April 11, 1916.

(156 Pac. 1188.)

1. **DEEDS—Delivery—Effect.** Where the owner of land executes an instrument, attested as a deed, and in all respects in the form of a deed, and places it beyond recall in the hands of a third person, to be delivered to his daughters at his death, it should be treated by the court as a conveyance passing title **in praesenti,** with the right to possession postponed until the death of the grantor.

2. **SAME—Action to Cancel—Demurrer to Evidence—Sufficiency.** In a suit to set aside such a deed by a son of the grantor for insufficient delivery, in which the plaintiff voluntarily assumed the burden of proof, the evidence adduced by the plaintiff tended to show that the grantor executed the deed with the express intention of deeding his property to his girls and making disposition thereof at that time, the deed to be turned over to the girls at his death; that the scrivener who prepared the deed, and to whom the foregoing statements were directed, placed the deed in a bank, where it remained until the death of the grantor, whereupon it was turned over to one of the grantees and the administratrix of the estate of the deceased, who placed it of record. **Held,** that the trial court did not err in sustaining a demurrer to the evidence.

3. **GIFTS—Acceptance—Presumption.** The presumption that a person will accept a purely unqualified gift is so strong that the courts have quite generally manifested a disposition to act upon such presumption as a working rule for the operation of such conveyances.

(Syllabus by the Court.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by G. B. M. Shaffer against Emma Smith and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Reece & Grubbs,* for plaintiff in error.

*Crane & Woodburn Bros.,* for defendants in error.

KANE, C. J. This was an action to cancel a certain deed of general warranty, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. Upon trial to the court the plaintiff voluntarily assumed the burden of proof, and, after he had introduced his evidence and rested, the trial court sustained a demurrer thereto, and entered judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

The only question which goes to the merits of the case is whether the deed involved was legally delivered. It is conceded that the grantees named therein had secured possession of the deed and placed the same of record in the proper county. The rule is that, when a grantee is in possession of a deed, the presumption is that it was delivered at the date of the execution. *Clark v. Akers,* 16 Kan. 166; *Babbitt v. Johnson,* 15 Kan. 252. In our judgment the plaintiff failed to sustain the burden voluntarily assumed by him of overcoming this presumption of delivery. On the contrary, the evidence adduced by him seems to support such presumption. The evidence shows that Joseph W. Shaffer, the father of the parties to this suit, executed the deed in July, 1912, and left the same in the possession of the scrivener, who placed it in a local bank, and that the grantor died the following May; that a short time after the death of the grantor the grantees therein secured possession of the

deed and placed the same of record. Mr. Sater, the scrivener who prepared the deed, and an old friend of the grantor, in stating the circumstances in which the deed was prepared, executed, and delivered, testified in effect as follows:

"Mr. Shaffer had me prepare this deed between the 11th and 12th of July, 1912. He came to me and says: 'Brother Sater, i feel like my time is not long here. I have decided that I want to deed my property to my girls. G. B. M., my boy, has hurt me and has had more than his share of the property. I would like to make disposition of it, to whom I want it to go, at this time.' I asked some questions because in writing wills and deeds of that character I always want details in full before I start. He says: 'I am living with my two daughters in Kansas. They are caring for me, and I would like to deed my property to them, so that they may have it when I pass away.'

"Q. Did he tell you what he was going to do with the deed, where he was going to put it, so that they could get it? A. My impression is that he told me it would be put at the First National Bank, and I personally know that is where he used to do business. Q. It is your recollection that he told you he would leave it in the First National Bank in Stillwater? A. Yes, sir. Q. That he would leave it there for them to get at his death? A. That was my impression; when I made up the deed, it was to be with his other papers, and to be delivered to the girls at his death. Q. That is your recollection? A. That is my recollection."

"After I drew the deed I do not remember whether I took it to the bank, or whether it was Shaffer. I saw the deed in the bank after Shaffer's death. I do not remember that Shaffer gave me any directions as to how I was to deliver the deed. He told me before I commenced that he wanted me to make up a deed to the girls

for all of his property. He indicated he wanted it delivered to them after his death."

There was no other evidence upon the question of delivery which would tend to change or vary the foregoing in any particular. Mr. Swinford, vice president of the bank, testified in effect:

"I do not remember the deed distinctly. Mr. Sater, as I remember it, gave me an envelope containing this deed, and told me Mr. Shaffer wanted it left with his papers. On the 30th day of August, 1913, I handed the same to Emma Smith, one of the grantees and administratrix of the estate of J. W. Shaffer, deceased, and took her receipt therefor."

Cases wherein the fact of delivery was held to be established upon evidence similar in effect to the foregoing are as follows: *Johnson v. Craig*, 37 Okla. 378, 130 Pac. 581; *Newton v. Bealer*, 41 Iowa, 334; *Young v. McWilliams*, 75 Kan. 249, 89 Pac. 12. In such cases, the title to the land is deemed to vest at once in the grantee; the enjoyment thereof being postponed until after the death of the grantor. In *Newton v. Bealer, supra*, which seems to be almost, if not precisely, in point, Mr. Justice Day, in delivering the opinion of the court, says:

"Where one who has the mental power to alter his intention, and the physical power to destroy a deed in his possession, dies without doing either, there is, it seems to us, but little reason for saying that his deed shall be inoperative, simply because during life he might have done that which he did not do."

In the case at bar, however, the evidence tends to show that the grantor did not retain any control over the deed after its execution, but placed it beyond recall in the hands of a third person, to be delivered at his death.

Further contention is made that the evidence does not disclose a valid gift, because it does not show acceptance during the lifetime of the grantor. With this we cannot agree. The affidavits left with the bank by the grantees at the time the deed was turned over to Mrs. Smith tend to show that they had knowledge of the deed at and before the death of the grantor. Moreover, the deed being voluntarily made, the law presumes an acceptance by the grantees. Whilst acceptance is, of course, essential to the validity of any deed, yet it is common for deeds to be upheld, of the existence of which the grantee never heard in the lifetime of the grantor; his acceptance being permitted to be operative by relation as to the time the grantor surrendered control. Where its terms are purely beneficial to the grantee, his acceptance is presumed; but this is only a matter of evidence. *Nolan v. Otney,* 75 Kan. 320, 89 Pac. 690, 9 L. R. A. (N. S.) 317. The presumption that a person will accept a purely unqualified gift is so strong that the courts have quite generally manifested a disposition to act upon such presumption as a working rule for the operation of such conveyances. *Thompson v. Leach,* 2 Vent. 298; *Emmons v. Harding,* 162 Ind. 154, 70 N. E. 142, 1 Ann. Cas. 864.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.