**WRIGHT, Adm'r, v. ANSTINE et al.**

No. 12169—Opinion Filed Dec: 4, 1923.

(Syllabus.)

1. **Deeds — Delivery After Death of Grantor — Effect.**

Where the owner of land executes an instrument attested as a deed and in all respects in the form of a deed, and places it beyond recall in the hands of a third person, to be delivered to grantees at her death, it should be treated by the court as a conveyance passing title in praesenti, with the right to possession postponed until the death of the grantor.

2. **Same — Validity as Against Heirs of Grantor.**

A grantor who has made a valid delivery of a deed by depositing it with a third person without reserving any control over it, the deed to be delivered on her death to grantee, cannot withdraw the deed or mortgage the land without grantee's consent, and a subsequent mortgage or attempt to sell the property by the grantor cannot affect grantee's title as against the heirs of the grantor or her personal representative.

3. **Appeal and Error — Review of Equity Case — Sufficiency of Evidence.**

In a case of purely equitable cognizance, the judgment of the trial court will not be reversed on appeal because of insufficiency of the evidence unless the judgment is clearly against the weight of the evidence.

Error from District Court, Major County; James B. Cullison, Judge.

Action by Charles A. Wright, administrator, against Thomas H. Anstine and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Simons, McKnight & Simons and Tom E. Willis, for plaintiff in error.

McKeever & Moore, for defendants in error.

COCHRAN, J. This action was brought by plaintiff in error, as administrator of the estate of Susan J. Duty, against the defendants in error for the cancellation of a deed executed by Susan J. Duty to defendants in error. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court.

The deed in controversy was executed October 26, 1908, during the lifetime of Susan J. Duty. The deed was a general warranty deed reserving a life estate in Susan J. Duty and was deposited in the Cleo State Bank by Susan J. Duty to be delivered to the defendants after her death. Susan J. Duty died on April, 17, 1917; thereafter defendants obtained possession of the deed from the bank and recorded it. The case was tried to the court without a jury, and judgment rendered in favor of the defendants, from which the plaintiff has appealed.

The only assignment of error presented is that the judgment of the trial court is clearly against the weight of the evidence. The plaintiff contends that the clear weight of the evidence shows that the deed in question, although deposited by Susan J. Duty

in the bank, was deposited by her with the understanding and belief on her part that it was a lien of some kind on her property for the benefit of the defendants and not an absolute conveyance: that the evidence further shows that the instrument was not deposited with the bank with the intention that it should operate as a conveyance in praesenti to the defendants and that Susan J. Duty never relinquished control and dominion over the deed, but continued to exercise control over the same during her lifetime. The law applicable to this case was announced by this court in Shaffer v. Smith, 53 Okla. 352, 156 Pac. 1188, in which the court said:

"Where the owner of land executes an instrument attested as a deed, and in all respects in the form of a deed, and places it beyond recall in the hands of a third person, to be delivered to his daughters at his death, it should be treated by the court as a conveyance passing title in praesenti, with the right to possession postponed until the death of the grantor"

—and in McClintick v. Ellis, 87 Okla. 75. 209 Pac. 403, in which the court said:

"This court on numerous occasions has discussed the question of delivery of a deed, and has repeatedly announced the rule that the question is always one of fact, and depends soley upon whether the grantor intended that the instrument in question should become operative immediately and vest title in the grantee."

Whether the deed was deposited by Susan J. Duty with the intention on her part that it should operate as a conveyance in praesenti, or whether it was her intention that it should operate as a lien of some kind on her property, was a disputed question of fact. There is evidence introduced tending to prove statements made by Susan J. Duty after the deed had been deposited, which tended to establish the contention of the plaintiff, but the testimony offered by the defendants tended to prove that the deed was delivered as an absolute conveyance and with the intention on the part of the grantor that it should operate as a conveyance in praesenti. The circumstances in connection with the execution of the deed, the form of the deed itself, and the fact that it was still in the possession of the bank at the time of her death, a number of years after it was executed, were all facts tending to support the contention that it was executed and delivered as a conveyance in praesenti. The same is true as to the contention that Susan J. Duty continued to retain and exercise control and dominion over the deed. There is considerable evidence in the record showing that Susan J. Duty did exercise dominion over

the property after the deed was deposited in the bank and that she executed a mortgage thereon and attempted to make a sale of the property, but acts of this character cannot affect the grantee's title, if the deed became a valid conveyance in praesenti at the time it was delivered to the bank. On this point the Supreme Court of Washington in the case of Maxwell v. Harper, 98 Pac. 756, held:

"A grantor who has made a valid delivery of his deed by depositing it with a third person, without reserving any control over it, with instructions to deliver it on his' death to the grantee, cannot withdraw the deed or mortgage the land without the' grantee's consent, and a subsequent lease and mortgage by the grantor cannot affect the grantee's title as against the grantor's legatees, though the mortgage was taken without notice of the deed."

We are of the opinion that the judgment of the trial court was not clearly against the weight of the evidence, and should be affirmed, and it is so ordered.

JOHNSON, C. J., and KENNAMER, BRANSON, and HARRISON, JJ., concur.