## KAY et al. v. WALLING et al.

No. 13436—Opinion Filed April 8, 1924.

1. **Pleading—Misjoinder of Causes of Action —Mode of Objection.**

Where a petition contains a misjoinder of causes of action, the defect cannot be raised by a general demurrer, but the same is properly raised by a special demurrer, based upon the ground of misjoinder of causes of action.

2. **Same—Action to Cancel Separate Deeds to Separate Portions of Property.**

Where a grantor executes two separate deeds, one of which purports to convey a portion of the real estate of the grantor to one person, and the other purports to convey another portion of the real estate to a different person, and thereafter an heir of the grantor brings an action against the grantees to cancel the deeds and to recover the real estate from said grantees, there is a misjoinder of causes of action.

3. **Deeds—Delivery—Escrows — Effect on Title.**

Where the owner of real estate executes a deed thereto and places it beyond recall in the hands of a third party, to be delivered to the grantee therein named, upon the death of the grantor, the same constitutes a conveyance, passing title to said real estate in praesenti, with the right to possession postponed until the death of the grantor.

4. **Same—Effect of Grantor's Change of Intention.**

After making an absolute delivery of a deed in escrow to a third person to hold until the grantor's death, and then to deliver said deed to the grantee, an attempt by the grantor to sell the real estate described in such deed, or to exercise dominion over the· same, does not affect the delivery of the deed, nor can a subsequent change of intention on the part of· the grantor affect such delivery.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Homer Kay et al. against John M. Walling et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

Claud Duval and J. B. Drennan, for plaintiffs in error.

Sam K. Sullivan and R. J. Shive, for defendants in error.

Opinion by JARMAN, C. This action was commenced by the plaintiffs in error, plaintiffs below, against the defendants in error, defendants below, to recover an undivided one-fourth interest in certain real estate and to cancel deeds held by the defendants thereto. At the conclusion of plaintiffs' evidence the court sustained a demurrer thereto and rendered judgment for the defendants and the plaintiffs bring error.

Nancy Walling owned certain farm lands located in Kay county and also certain property located in the city of Tonkawa. On April 27, 1916, she executed a warranty deed to John M. Walling and Oliver M. Walling, her sons, to said land and left the same with the Bank of Commerce of Tonkawa with instructions to deliver the same to the grantees upon her death; and on May 22, 1918, Nancy Walling executed a warranty deed to Laura Byers, her daughter, to the Tonkawa city property and left the same with the Bank of Commerce of Tonkawa with instructions to deliver the same to Laura Byers upon her death.

Nancy Walling died on August 9, 1920, and left surviving her as her heirs at law, John M. Walling and Oliver M. Walling, sons; Laura Byers, daughter; Howard Kay, Nannie Gillespie, and Blanche Kay, her grandchildren, who are the children of Mary Kay, a deceased daughter of Nancy Walling.

The plaintiffs contend that the two deeds executed by Nancy Walling to the defendants were never delivered and that the execution of said deeds by Nancy Walling was but an attempt to make a testamentary disposition of the property, and the same were insufficient to divest Nancy Walling of the title to said property, and that, therefore, the plaintiffs, as heirs of Nancy Walling, inherited and became the owners of an undivided one-fourth interest in all of the said property upon the death of Nancy Walling.

The plaintiffs' petition contained two causes of action; the first of which being for the cancellation of the deed to John M. Walling and Oliver M. Walling to the farm lands and to recover an undivided one-fourth interest therein; and the second cause of action being for the cancellation of the deed to Laura Byers to the Tonkawa city property and to recover an undivided one-fourth interest therein. The court sustained a demurrer to said petition on the ground that the two causes of action were improperly joined, and on motion of the plaintiffs the court permitted them to file separate petitions as to the two causes of action, and

the petition as to the cause of action against Laura Byers was filed and docketed in a separate action. The two causes were consolidated for the purpose of trial but separate appeals were taken by the plaintiffs in each of said causes to this court. The case involving the cause of action as to Laura Byers is No. 13435 in this court.

The plaintiffs urge and rely upon two assignments of error: First, that the court erred in sustaining the demurrer of the defendants to the original petition of the plaintiffs on the ground of a misjoinder of causes of action; second, that the court erred in sustaining the demurrer of the defendants to the evidence of the plaintiffs and rendering judgment in favor of the defendants.

Under the first assignment of error the plaintiffs urge that the question of misjoinder of causes of action cannot be raised by a general demurrer, and cite in support thereof the case of Hart-Parr Co. v. Thomas, 74 Oklahoma, 171 Pac. 807. The rule contended for by the plaintiffs is well settled but the same is not applicable here because the demurrer in the instant case was not a general demurrer. It specifically sets out as one of the grounds that there are two causes of action improperly joined, and this is authorized and in keeping with subdivision 5 of section 268, Comp. Stat. 1921. The plaintiffs urge that the two causes of action were properly joined. The two causes of action do not affect all the parties to the action; John M. Walling and Oliver M. Walling had no interest in the Tonkawa city property and Laura Byers had no interest whatever in the farm lands, and, therefore, under section 266, Comp. Stat. 1921, there was a misjoinder of causes of action. Bryan v. Sullivan, 55 Okla. 109, 154 Pac. 1167.

The only question involved under the second assignment of error is whether there was a delivery to the defendants of the deed to the farm lands in question. It is admitted that the bank, on the next day after the death of Mrs. Walling, delivered to the defendants the deed in question and that the same was placed of record. It is elementary that no title passes until the deed is delivered to the grantee. The delivery may be actual, by the grantor handing the deed to the grantee with the intention of passing title; or the delivery may be constructive, by delivery to a third person for the grantee without any reservation by the grantor of a right to recall it, and a delivery in this manner effects a complete transfer

of the title to the property. Matheson v. Matheson (Iowa) 117 N. W. 755; Kile v. Kile (Iowa) 157 N. W. 248; Hudson v. Hudson (Ill.) 122 N. E. 497. When a grantee is in possession of a deed, the presumption is that it was delivered at the time it was executed. Shaffer v. Smith, 53 Okla. 352, 156 Pac. 1188. Therefore, the presumption is that there was a delivery of the deed by Mrs. Walling at the time it was executed and turned over to the bank for the defendants. The burden of overcoming this presumption of delivery was on the plaintiffs, but they failed in their proof to do so. The defendants show that Mrs. Walling went to the Bank of Commerce at Tonkawa, where she kept her papers and where she went often for advice, for the purpose of making a deed to the land in question to the defendants. She discussed the matter with Mr. French, an employe of the bank, who prepared or caused the deed to be prepared, and who is a notary public, and took the acknowledgment of Mrs. Walling to the deed. There was some discussion between Mr. French and Mrs. Walling with reference to a will, but Mrs. Walling stated that she did not want to make a will but that she wanted to dispose of this property by a deed, and in relating the circumstances under which the deed was executed and what caused the deed to be executed, Mr. French testified as follows:

"A. As best I remember the circumstances Mrs. Walling came to the bank and said she wanted to make a deed to that 80 acres of land to Oliver M. and John Walling, and she wanted me to fix it up for her, and that she wanted to leave the deed in the bank to be delivered at her death, and that I either operated the typewriter or had some one else do it and wrote up the deed and she executed it and I took the acknowledgment and filed it in the vault in an envelope with the instructions on it, and I put a slip of paper inside the envelope with the same instructions on it."

The instructions, written on a piece of paper and placed in the envelope with the deed by the witness French at the time the deed was executed, are:

"This deed shall be held in escrow by the Bank of Commerce, Tonkawa, Oklahoma, to be delivered to Oliver M. Walling and John M. Walling upon the death of Nancy Walling."

And the indorsement made on the envelope, in which the deed was placed by the witness French, is as follows:

"Bank of Commerce. Nancy Walling papers, to be delivered to Oliver M. Walling and J. M. Walling upon her death."

There were no reservations made by Mrs. Walling of any right to recall the deed or to exercise any control over the same, and the only requirement that was made was that the bank should deliver the deed to the defendants upon the death of the grantor which was done the next day after she died. It is clear, therefore, from this record, that it was the intention of Mrs. Walling, at the time the deed was executed and delivered to the bank, to convey the land in question to the defendants, and the effect of the execution and delivery of said deed in this manner, was to pass title in praesenti with the right to possession postponed until the death of the grantor. Shaffer v. Smith, supra.

The defendants contend that the act of the grantor in listing this property with a real estate agent after the deed in question was executed, and attempting to sell the same, is sufficient to prove that Mrs. Walling did not intend to deliver said deed at the time the same was placed in the bank, and that she did not intend to lose control and dominion over the same. The facts in the case do not bear out this contention. The evidence shows that this property was listed with the real estate agent by Oliver M. Walling, one of the grantees, but that thereafter the real estate agent discussed the matter of the sale of the land with Mrs. Walling and she stated that "she would have less bother with it if she would sell it." Mrs. Walling became ill before the place was ever sold. There is nothing in this testimony to show or indicate that Mrs. Walling did not intend, by the deed she had theretofore executed, to convey this property to the defendants; for the defendants would have had to execute a deed as well as Mrs. Walling as she retained or owned a life interest in the property. At any rate, it is immaterial if Mrs. Walling did, after the execution and delivery of the deed in escrow to the bank, attempt to sell the property, for a grantor's subsequent change of intention cannot affect her absolute delivery in escrow of a deed to a bank to hold until the grantor's death nor can a mental reservation invalidate delivery. Hudson v. Hudson, supra; DeCou v. Howell (Cal.) 214 Pac. 444.

The trial court properly sustained the demurrer to the evidence of the plaintiff, and the judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.