AMERICAN FARM AGENCY, INCORPORATED, RESPOND-
ENT, v. INVESTORS MANAGEMENT CORPORATION,
APPELLANT.

Argued May 22, 1931—Decided February 1, 1932.

For the appellant, *Albert R. McAllister*.

For the respondent, *LeRoy W. Loder*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. When this case was moved
for trial, counsel for the respective parties stipulated that the

(255)

real parties to the litigation were one Beilin, the president of the American Farm Agency, Incorporated, and one Seabrook, the general agent of the Investors Management Corporation; and that the trial of the case should be proceeded with and a verdict rendered and judgment entered thereon as if the said Beilin and Seabrook were the parties on the record. The proofs submitted on behalf of the plaintiff at the trial disclosed that Beilin entered into a contract with Seabrook, by the terms of which the American Farm Agency, Incorporated, was to obtain, if it could do so, from the Del-Bay Farms, Incorporated, a contract for the sale of certain land owned by the latter to the Investors Management Corporation; and that, if the sale was consummated, Beilin should retain two-thirds of the commission paid by the Del-Bay farms on the sale and that Seabrook should receive the other one-third. The sale was consummated in due course, and Beilin received from the Del-Bay farms his percentage of the commission, the company not being able at that time to pay to Seabrook the other one-third of such commission and payment thereon being postponed until a later period. Subsequent to the sale of the property by the Del-Bay farms to the Investors Management Corporation, the former desired to borrow for its own use $4,705, and applied to Seabrook, as the representative of the Investors Management Corporation, to obtain a loan of that amount for it. Seabrook in turn called on Beilin and requested him to make the loan, promising that, if he did so, he, Seabrook, would repay the loan to Beilin in case the Del-Bay farms failed to do so when the debt matured. Relying on Seabrook's promise, Beilin advanced the money to the Del-Bay farms. The latter defaulted in the payment of the loan when it became due, and has not repaid it at any time since. Seabrook also failed to perform his promise to repay to Beilin this loan upon default on the part of the Del-Bay farms, and the present suit was instituted to recover from Seabrook the amount loaned by Beilin upon the strength of Seabrook's promise. The plaintiff's claim was supported at the trial by the testimony submitted in his behalf. The defendant in his answer

denied any participation in the arrangement of a loan by Beilin to the Del-Bay farms or any promise on his part to pay the alleged loan in the event of the default of the borrower, and testified to that effect upon the witness stand. His denial was supported by the testimony of other witnesses. He also filed a counter-claim, averring that a part of the commission to be paid by the Del-Bay farms on the sale of its land to the Investors Management Corporation, and which was due to him under the contract between him and Beilin, had been collected by the latter and retained by him. The counter-claim was denied by the plaintiff. There was testimony submitted supporting the averments contained therein, and also testimony contradictory thereof. The trial resulted in a verdict in favor of Beilin for the amount of his claim and a verdict of no cause of action on Seabrook's counter-claim. From the judgment entered on these verdicts the defendant has appealed.

The first ground upon which we are asked to reverse the judgment under review is that the court overruled the appellant's objections to certain questions asked by counsel for the plaintiff on the cross-examination of one McDonald, a witness called by the appellant. The questions objected to related to a conversation had between Seabrook and Beilin in the presence of McDonald. It is urged that, as McDonald was present as the attorney of Seabrook, so far as he was concerned it was a privileged communication, which could not be disclosed by him. We consider this contention to be without merit. In the case of *Roper* v. *State*, 58 *N. J. L.* 420, Chief Justice Beasley, delivering the opinion of the court, stated that "a counselor-at-law who was present at a conversation between his client and a third person is a competent witness in behalf of the latter to prove what was said," declaring that such a conversation did not exhibit the least semblance of a confidential communication; and the soundness of this deliverance has never been questioned.

The only other ground for reversal is that the court erroneously overruled the following question asked of Beilin on his cross-examination: "When you brought the present suit,

you did not bring it in your own name, did you?" Assuming that the question was proper, it is perfectly plain that its exclusion was harmless, for an examination of the record itself was all that was necessary to furnish the information sought by the question, and the members of the jury were informed when they were sworn as jurors who the parties to the record were.

We conclude that for the reasons above indicated, the judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.