**HOWSLEY, Adm'r, v. CLARK.**

No. 21896.     Feb. 20, 1934.

Hughes & Dickson, for plaintiff in error.

Rizley & Sweet and C. W. Ferguson, for defendant in error.

PER CURIAM. On the 28th day of January, 1925, T. W. Vandenburg was the owner and holder of a note secured by a mortgage on a frame building in Hooker, Okla. He was carrying fire insurance on the property with the usual loss payable clause to himself as mortgagee. On the date mentioned C. W. Ferguson, who was representing him as attorney in connection with this delinquent

indebtedness, went with him to the office of the defendant in error, E. B. Clark. There the following conversation took place, as testified to by Ferguson:

"I said to Clark, 'It is necessary that this property be insured' * * * and I said, 'If you will go ahead and write the policies of insurance in the future until we finish these foreclosure proceedings,' I said. 'I have talked this matter over with Mr. Vandenburg and we will pay it up when we receive the money from the foreclosure of this property.' * * * I said, 'If you will go ahead and issue the policy of insurance upon this property I will see to it that you get your money in this matter for these policies which you issue, together with the policy for which Mr. Vandenburg is indebted to you, or rather, the two previous policies which Mr. Vandenburg had obtained from him'—the conversation was in substance along that line—and he said 'All right' he says, 'I will issue the policy and keep it covered until this proceeding is over upon your assurance that I will get the money for it and see to it that I am paid for this insurance'."

Relying upon the agreement testified, about, Clark wrote up the insurance requested and renewed it at the end of the year. While the foreclosure action was pending, Vandenburg assigned his interest, but failed to pay this insurance bill, and subsequently died. Claim for these premiums was duly filed by Clark with Vandenburg's administrator and disallowed, and thereupon this action was brought.

In addition to the above facts, and on trial in the district court, it appears from the testimony of the plaintiff, Clark, that in due course of business he paid to the insurance company that part of the premiums going to it and that the company had no interest in the claim.

No evidence was offered by the administrator to dispute any of the facts above stated. The only evidence offered by the defense was the testimony of the administrator as to his reasons for disallowing the claim. At the conclusion of this testimony the court gave the jury a peremptory instruction to return a verdict in favor of the plaintiff. The administrator appealed to this court.

The plaintiff in error complains that the insurance company was the proper person to file the claim and to bring this action, and that before Clark could do so he must have had an assignment to him from the insurance company of its interest in the premiums. It is sufficient answer to this contention to call attention to the fact that when Clark paid to the insurance company its part of the premiums, Vandenburg owed Clark and the insurance company had nothing to do with the matter. The custom of the insurance business in this respect is too well known to require either comment or authority.

The only question worthy of consideration on this appeal is whether the witness Ferguson was competent to testify under the fourth subdivision of section 272, O. S. 1931. That statute provides:

"The following persons shall be incompetent to testify: * * * Fourth. An attorney concerning any communication made to him by his client, in that relation, or his advice thereon, without the client's consent."

It is obvious from an examination of the testimony complained of that the transaction testified about by the attorney was in the nature of a business agreement, and was as to negotiations with Ferguson, Clark participating and Vandenburg present and giving consent by silence.

In 10 Ency. of Evidence, at page 221, it is said:

"Acts of attorney as business agent.—An attorney can be compelled to testify concerning communications relating to acts of a nonprofessional character which he performs for his client."

At page 234 of the same authority, it is said:

"It is also essential that the communication in question was confidential, and so regarded by the client."

Further, at page 246 of the same authority, it is said:

"Where the nature of the employment is not such as to require legal skill in its exercise, communications relating to it are not privileged."

In 40 Cyc., at page 2377, it is stated:

"There is no privilege as to a communication between attorney and client in the presence of a third person, or of the adverse party or his attorney, and either the attorney or the third person who was present may testify thereto."

Numerous cases are cited to support the texts quoted, but it is not necessary to encumber this opinion with the repetition thereof. However, attention is called to the recent decision of the Court of Errors and Appeals of the State of New Jersey, in the case of American Farm Agency v. Investors' Management Corp., 108 N. J. Law, 255, 158 Atl. 392, wherein it was held that an attorney present at a conversation between his client and a third person is a competent witness to prove the statements made by

his client, the communication not being privileged.

In Ratzlaff v. State, 122 Okla. 263, 249 P. 934, this court said:

"* * * The mere fact that a communication is made to an attorney does not, of itself, make such communication privileged. To have that effect, it must have been made in confidence of the relation and under such circumstances as to imply that it should forever remain a secret in the breast of the confidential advisor."

This case further inferentially recognizes the general rule that a communication made to an attorney in the presence of a third person is not within the prohibition of the statute quoted, and is not privileged. See, also, Pearson v. Yoder et al., 39 Okla. 105, 134 P. 421, and cases therein cited.

It is clear that the testimony of Ferguson quoted does not come within the prohibition of the statute quoted, and that it violated no rule of privilege.

It is the uncontradicted record of this case that Vandenburg and his attorney contracted for the writing of the insurance; that the insurance was written, and that Vandenburg did not pay the premiums. No reason is shown why Vandenburg's estate should not pay them.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge E. A. Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.