### SIMLER v. SIMLER.

No. 21894.    April 24, 1934.

Rehearing Denied May 22, 1934.

Roscoe Bell and H. A. Wilkinson, for plaintiff in error.

Warren K. Snyder and George J. Eacock, for defendant in error.

PER CURIAM. This appeal is from the judgment of the district court of Oklahoma county in favor of the defendant, Virginia Simler, in an action in that court wherein the plaintiff, John W. Simler, sought the cancellation of a certain warranty deed executed by plaintiff and in which deed the defendant was named grantee, and by the terms of which certain described real property in Oklahoma City was conveyed to defendant. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff and the defendant are father and daughter. Prior to January 9, 1917, plaintiff was the owner of the real estate in controversy and other real estate adjacent. On January 9, 1917, the plaintiff went to George J. Eacock, an attorney, and asked him to prepare a deed to the real estate in controversy to his daughter, the defendant. The deed was prepared, executed, and acknowledged by the plaintiff, who took the deed away with him.

The plaintiff contends that he took the deed to his home and told the defendant about it, showed it to her and explained to her the reason for executing, his reason being that at his death she might record the deed and have the income therefrom during the time his estate was being probated. He then placed the deed in a safe to which both he and the defendant had access, among some of his personal papers; that he instructed the defendant to get the deed after his death and record it, but not before; that he never at any time delivered the deed to the defendant; that the defendant procured said deed without his knowledge or consent and had same placed of record on July 15, 1919; that he did not learn that said deed had been recorded until some time in 1924, when he was renewing a mortgage indebtedness on said real estate which existed at the

time of the execution of the deed in question; that he at all times since the date of the execution of the deed had remained in possession of said real estate and had collected the rents therefrom, paid the taxes and made necessary repairs. The suit for cancellation of the deed was begun in the latter part of the year 1929.

The defendant contends that the day on which the deed was executed was her 18th birthday; that the plaintiff brought the deed home and gave it to her as a birthday present; that there were no conditions attached to the delivery of the deed and no instructions given as to recording it; that she retained the deed in her possession, and after a few days placed it in the safe to which she and the plaintiff had access; that in July, 1919, when she was preparing to leave for California to finish her education, she took said deed to George J. Eacock and asked him what to do with it and he advised her to have it recorded, which she did, and had it returned to Mr. Eacock after recording; that she went to California and attended school, her father furnishing the money in the sum of $5,000 or $6,000; that she never demanded the rents prior to 1929, because plaintiff did advance her money for her education. In 1929 defendant attempted to procure some money from plaintiff for some additional schooling, and being refused, wrote plaintiff and asserted her ownership of the property and demanded the rents. Defendant also notified the tenants in said property to pay her the rents. Thereupon plaintiff instituted this suit.

Defendant, in answering, filed a cross-petition seeking an accounting against plaintiff for the rent collected less taxes and repairs. Plaintiff in his reply asked, in the event cancellation of the deed be denied, that he have judgment against defendant for a money judgment representing the difference between what he had advanced to defendant and the rents, less allowable deductions. Inasmuch as the trial court denied any money judgment for either plaintiff or defendant, and defendant has not appealed from the judgment refusing her a money judgment and plaintiff does not urge in his brief any error for failure to allow him a money judgment, that feature of the case will be dismissed without further comment.

The trial court found against the plaintiff and in favor of the defendant on the issue made by the pleadings and proof as to the question of the delivery of the deed and the passing of title. This being an equity case, it becomes the duty of this court to consider the record and weigh the evidence for the purpose of determining whether or not the judgment of the trial court is against the clear weight of the evidence.

Plaintiff testified in his own behalf, and his testimony tends to sustain his contentions. Defendant testified in her own behalf, and also produced George J. Eacock, who was permitted to testify in her behalf over the objection of the plaintiff. Likewise, the defendant's and Eacock's testimony tends to sustain defendant's contention. The proof shows that Eacock had known plaintiff since he was a boy; that he knew defendant and her mother. He is an attorney, and the proof shows he had acted as attorney for plaintiff on numerous occasions, and plaintiff contended he was his family attorney. The proof shows that Eacock was the notary public who took the acknowledgment to the deed. Eacock claimed that at the time he was not representing plaintiff. As to the execution of the deed, the proof shows that Eacock merely did what the plaintiff instructed him to do. That no advice concerning the transaction was sought by plaintiff and none given by the witness. Under this state of proof, the trial court permitted Eacock to testify that plaintiff told him at the time he was giving the property to the defendant as a birthday present and later stated to him that he had done so. Plaintiff contends that the witness was incompetent to testify as to these conversations by reason of the fourth paragraph of section 272, O. S. 1931, which provides as follows:

"The following persons shall be incompetent to testify: * * * An attorney concerning any communication made by his client, in that relation, or his advice thereon, without the client's consent."

We hold that, under the proof, there was no error in permitting the witness to testify, for the reason that the conversations were not by reason of any relation of attorney and client, that in the execution of the deed and its acknowledgment the relation of attorney and client did not exist and the conversations were not confidential.

The proof as to the delivery of the deed was conflicting. There were circumstances and facts testified to that might cause the story of either the plaintiff or defendant to appear unreasonable. We do not deem it essential to attempt to set out the testimony in detail or attempt to reconcile certain apparent inconsistencies in word and act of both plaintiff and defendant. The question

of delivery was a question of fact, and, after reading the entire record, we find that the judgment of the trial court is sustained by the evidence and is not against the clear weight thereof.

The plaintiff sets out certain other errors, but in view of the finding above set forth, we do not deem the other assignments of error material.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Eugene Rice, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.

### On Rehearing.

WELCH, J. On plaintiff's petition for rehearing, we have again carefully considered this case and examined the record. The respective contentions of the parties are clearly stated in the per curiam opinion of April 24, 1934. Both parties testified as witnesses. The plaintiff's testimony tended strongly to support all of his contentions, and likewise the testimony of the defendant tended strongly to support all of her contentions. The primary question upon trial was whether the deed was or was not delivered to the defendant by the plaintiff. Plaintiff admitted that he exhibited the deed to the defendant, but contended that he did not deliver it, and he so testified. Upon the other hand, the defendant contends that at that time the plaintiff delivered the deed to her, and she so testified. At that time no other person was present, and there is no other direct evidence upon that point.

There is other evidence in the record tending to show statements made by the parties and circumstances and acts of the parties: some corroborate plaintiff's theory, while some support defendant's theory. The plaintiff now urges that most of the matters shown by this proof are inconsistent with the defendant's contention, but, even if that were fully true, that would not justify this court in reversing the judgment and conclusion of the trial court in this character of action. The rule is correctly stated in the syllabus. The trial court heard the testimony of both of the parties to the action and observed the demeanor and manner of giving the testimony. He was in a better position to judge as between the parties testifying. We do observe evidence in the record which is inconsistent with the trial court's conclusion, but it is doubtless true that in many contested cases there is evidence inconsistent with the contentions of the successful party. The plaintiff now urges as an uncontradicted fact that the plaintiff himself placed the deed in the safe after he had exhibited it to the defendant. Plaintiff's testimony in this regard is contradicted by the defendant, who testified that after the deed was delivered to her she placed the deed in the safe. The safe was jointly used by plaintiff and defendant, and was a safe to which each of them had access. The plaintiff strongly presents his case here upon the facts, but we cannot retry the issues of fact on plaintiff's application for rehearing. We can examine the record and consider the facts and evidence presented to the trial court, and that we have carefully done. There was sharp conflict in the testimony; while one theory was contrary to the judgment rendered, the other theory supported it.

We cannot say that the findings and judgment of the trial court are against the clear weight of the evidence, and the petition for rehearing is denied.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and BUSBY, J., absent.