McCAW, Ex'x, et al. v. HARTMAN.

No. 30449.    Feb. 3, 1942.

Rehearing Denied March 10, 1942.

*122 P. 2d 999.*

V. D. Firestone, of Kingfisher, for plaintiffs in error.

R. F. Shutler, of Kingfisher, for defendant in error.

HURST, J. This is an action by the plaintiff, Philip E. Hartman, to establish a lost deed in his favor covering an undivided one-third interest in 160 acres of land in Kingfisher county and to quiet title to said land.

The material facts are these: Plaintiff is the son of Sarah J. Dunn, deceased, and the defendants are her heirs at law, devisees, and executrix of her last will and testament. The court found from the evidence that the deed was duly executed and acknowledged in Lincoln, Neb., on February 28, 1914; that it was, by Mrs. Dunn and plaintiff, delivered in escrow on September 15, 1915, to the Peoples National Bank of Kingfisher with instructions signed by the grantor indorsed on the envelope in which the deed was contained: "This deed to be delivered to Philip E. Hartman upon my death"; that later the Peoples National Bank was merged with the Citizens National Bank of Kingfisher, and the deed, after the death of Mrs. Dunn, could not be found in the bank; that Sarah J. Dunn died testate on September 26, 1939, and her will, which was executed in 1938, purporting to dispose of said property, was admitted to probate in Tillman county; that Hartman, from the time of execution of the deed until the death of his mother, was in possession of the land and paid her rent; that on February 25, 1930, she executed an oil and gas lease on said land. The court entered judgment for plaintiff, decreeing that the deed was duly executed, acknowledged, and delivered, and that it vested title in Hartman, with possession postponed until the death of his mother. Defendants appeal.

1. It is argued that reversible error was committed in admitting the testimony of J. Reid Green, an attorney and notary public, who prepared the deed, witnessed its execution, and took the acknowledgment thereto. He testified that he was an old friend of the family; that a few days before it was executed, a daughter of Mrs. Dunn asked him to prepare the deed, and gave him the data necessary for its preparation; that the deed was taken by him to the daughter's home, where Mrs. Dunn was staying, and that it was there executed and acknowledged before him in the presence of the daughter, and that Mrs. Dunn explained the reason why she was making the deed to her son. He did not testify as to any advice asked of him by Mrs. Dunn or any given by him. Green was the only witness testifying to the execution of the deed, the daughter who was present having died prior to the trial.

Defendants argue that Green was an incompetent witness by reason of the following provisions of section 272, O. S. 1931, 12 O.S.A. § 385:

"The following persons shall be incompetent to testify: . . .

"Fourth. An attorney, concerning any communication made to him by his client, in that relation, or his advice thereon, without his client's consent."

We are of the opinion that Green was not an incompetent witness, because (a) he acted as a scrivener and notary public rather than as a confidential legal adviser; (b) it does not appear that Mrs. Dunn considered the transaction confidential; and (c) a third party, the daughter, was present and saw and heard what was done and said. See Simler v. Simler, 168 Okla. 288, 32 P. 2d 876; Howsley v. Clark, 167 Okla. 371, 29 P. 2d 947; 70 C. J. 408, 409, 413, 433; 28 R.C.L. 557, 561. The decision in Raymer v. Conley Lbr. Co., 169 Okla. 576, 38 P. 2d 8, relied on by defendants, is not in conflict with the cited authorities.

2. It is argued that there was no delivery of the deed. We think the court properly found that there was a delivery. The endorsement on the envelope contained no words that would indicate that Mrs. Dunn intended to reserve the

right to recall the deed, and there is no testimony to the effect that she had such intention. The delivery to the bank constituted a constructive delivery to Hartman, and had the effect of vesting title in praesenti in Hartman with his right to possession and enjoyment of the use postponed until the death of his mother. See Maynard v. Hustead, 185 Okla. 20, 90 P. 2d 30, and authorities there cited.

The acts of Mrs. Dunn in thereafter leasing the land for oil and gas and in disposing of the land by will cannot have the effect of defeating the title that had previously been vested in Hartman, though the trial court should have taken in consideration, and probably did, such acts in connection with the other evidence in determining the intention with which the grantor delivered the deed. Wright v. Anstine, 96 Okla. 162, 220 P. 928; Kay v. Walling, 98 Okla. 258, 225 P. 384; Anderson v. Mauk, 179 Okla. 640, 67 P. 2d 431; 52 A.L.R. 1249, annotation.

After a careful consideration of the record, we are unable to say that the judgment of the court that the deed was duly executed, acknowledged, and delivered by the grantor is clearly against the weight of the evidence, which we would be compelled to do to justify a reversal of the judgment, the action being one of equitable cognizance. Maynard v. Hustead, above.

3. Finally, the defendants contend that the action is barred by the 15-year statute of limitations, subdivision 4, sec. 99, O. S. 1931, 12 O.S.A. § 93. The argument is based upon the premise that the action accrued when the deed was delivered to the bank. No authorities are cited in support of the contention, and we have found none. Plaintiff was not entitled to enjoy the use and possession of the land as owner, or to have the deed delivered to him, until the death of his mother in 1939. There is no evidence that the title of plaintiff had been questioned prior to her death. The law is that as to an action by a remainderman to establish his title, the statute of limitations does not ordinarily begin to run until the death of the life tenant, or at least until he is advised of a claim hostile to his title. See 21 C. J. 1013, § 173; 23 R.C.L. 587, § 150; Mullan v. Bank, 101 Fla. 1097, 133 So. 323; Chenoweth v. Bullitt, 224 Ky. 698, 6 S. W. 2d 1061. We conclude that the defense of limitations is without merit.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur.