ATCHISON v. ATCHISON.

No. 32139. Dec. 23, 1946.

*175 P. 2d 309.*

Thos. H. Wren, Martin L. Frerichs, and Leon C. Phillips, all of Okemah, for plaintiff in error.

Nolen & Ross, of Okemah, for defendant in error.

HURST, V.C.J. This is an ejectment action commenced by Kate Atchison against Bess A. Atchison to recover the south 80 acres and an undivided ¾ interest in the north 80 acres of a certain quarter section of land in Okfuskee county. From a judgment in favor of the plaintiff, the defendant appeals.

The plaintiff is the mother of A. L. Atchison and claims title to the land under a warranty deed executed by him on October 15, 1914, and filed for record on December 1, 1943. The defendant is the widow of A. L. Atchison, who died testate in 1939, and by his will he devised all of his real estate to the defendant. The question for decision is whether the deed above referred to was effective to pass title to the plaintiff.

The record discloses that at and prior to the time of the execution of said deed, Atchison was indebted to his mother. There was introduced in evidence a letter from him to his mother dated November 9, 1913, stating that he was enclosing a quitclaim deed to a certain farm to be held as collateral

until he could make other arrangements. This quitclaim deed was neither produced nor accounted for. With the letter was a statement showing that Atchison owed his mother the sum of $2,450.

The only witness testifying as to the delivery of the warranty deed was a brother of A. L. Atchison, who testified that in 1924 or 1925, A. L. Atchison, who was then about to undergo an operation, handed the deed to him to be delivered to his mother in the event he predeceased her. He testified as follows:

"Q. And the deed was to be delivered in case he died before she did? A. That is right. Q. Otherwise not? A. That is right. He said after his death he wanted to see my mother got the deed, and asked me to deliver it to her."

The defendant, appellant here, argues that this constituted a conditional delivery to take effect only upon the death of A. L. Atchison if he predeceased his mother, and that consequently it was testamentary in character, and since the deed was not executed in the manner prescribed by law for the execution of wills, it is without legal effect. The plaintiff argues that the delivery was absolute and had the effect of vesting in the grantee a present title with the right of possession postponed until the grantor's death. He relies upon Shaffer v. Smith, 53 Okla. 352, 156 P. 1188; Kay v. Walling, 98 Okla. 258, 225 P. 384; Maynard v. Hustead, 185 Okla. 20, 90 P. 2d 30; and McCaw v. Hartman, 190 Okla. 264, 122 P. 2d 999.

After the deed was delivered in 1924 or 1925, Atchison continued to treat the land as his own, by terracing it in connection with an adjoining tract of land and farming the two tracts as one and by executing right-of-way grants and leases. These acts were consistent with his continued ownership of the land, and inconsistent with the testimony of his brother, above quoted.

We are of the opinion, and hold, that no estate vested in grantor's mother at the time the deed was delivered to his brother. The delivery by the brother to the mother was contingent upon the grantor predeceasing his mother. If she had predeceased him, then it would have been the duty of the brother to redeliver the deed to grantor. The delivery to the grantee was subject to a contingency that was not certain to occur— death of the grantor before the death of the grantee. 18 C. J. 206; 26 C.J.S. 244. Thus, the grantor did not relinquish full and absolute control of the deed when he delivered it to his brother as escrow holder. The deed was to be effective as a deed only upon the death of the grantor. It was, therefore, testamentary in character and was ineffective as a will because not executed with the formalities required for the execution of a will. See Green v. Comer, 193 Okla. 133, 141 P. 2d 258, and Maynard v. Hustead, 185 Okla. 20, 90 P. 2d 30, and the authorities therein cited; 8 R. C.L. 930, 932; 16 Am. Jur. 516; 52 A.L. R. 1222, annotation. The authorities relied upon by the plaintiff are distinguishable on their facts.

Reversed, with instructions to enter judgment for the defendant.

GIBSON, C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur. WELCH, J., concurs in result. RILEY, J., dissents.

———

RILEY, J. (dissenting). A warranty deed was executed October 15, 1914. The grantor conveyed land to his mother. He was at the time indebted to her in a substantial amount. Grantor placed the instrument in the hands of a third person. It was to be delivered to grantee by the depositary upon condition that grantor predecease his mother. That condition was fulfilled. In my opinion, the deed effectively conveyed right of posession and title to the land. Shaffer v. Smith, 53 Okla. 352, 156 P. 1188; Kay v. Walling, 98 Okla. 258, 225 P. 384; McCaw v. Hartman, 190 Okla. 264, 122 P. 2d 999.

The mere fact that grantor, subsequent to time of the escrow, by which

on fulfillment of the condition, parted with title, continued throughout his lifetime to exercise dominion over the land, did not defeat the effectiveness of the grant.

"A future estate may be limited by act of the party to commence in possession at a future day, either without the intervention of a precedent estate, or on the termination, by the lapse of time, or otherwise . . ." 60 O.S. 1941 §28.

". . . a freehold estate . . . may be created to commence at a future day ... A fee may be limited . . . upon a contingency . . ." 60 O.S. 1941 §35.

"Where the owner of realty executes a deed thereto and places it beyond recall in the hands of a third person, to be delivered to the grantees, on the grantor's death, there is a 'conveyance' passing title to the realty in praesenti with right to possession postponed until grantor's death." Maynard v. Hustead (Hurst, J.) 185 Okla. 20, 90 P. 2d 30; 26 C. J. S. pp. 246-247, para. 45-46.

The grantor's act in placing his deed beyond his power to recall so long as grantor and grantee were alive, yet limiting delivery of the deed upon the contingency of grantor's death prior to that of grantee, with conditions fulfilled, constituted a conveyance. Anno. 52 A. L. R. 1222.

Seisen in real property once was accomplished by a manual delivery of a token, such as a twig from a tree upon the land, or a clod of its dirt. There can be no doubt that a grantor may, as in the case at bar, by deed limit a grant upon the happening of a future event such as payment of the consideration or any other condition. That which might accomplish by deed, by act may be done. The judgment should be affirmed.